### THE PEOPLE *v.* EDWARD H. RULLOFF.

The question whether a former trial and conviction for abduction are a bar to an indictment subsequently found for murder alleged to have been previously committed, cannot be raised and made a ground for discharge on *habeas corpus.* Such defence can only be made available, if at all, on the trial of the indictment for murder.

ON *habeas corpus* to discharge the prisoner, Edward H. Rulloff, from the custody of the sheriff of Tompkins county, by whom he was confined in jail. The prisoner having been brought before the court, it appeared, by the sheriff's return to the writ, that he was imprisoned on an indictment for the murder of his wife, Harriet Rulloff, in one of the towns of Tompkins county, in June, 1845, and that the indictment was found by the grand jury of that county in 1848.

It appeared, from the proof presented to the court, that in June, 1845, the wife of the prisoner disappeared from his residence in Tompkins county, and had never been found.

The prisoner was tried at the Tompkins Oyer and Terminer, in January, 1846, upon an indictment for unlawfully and forcibly abducting and imprisoning his wife, contrary to certain provisions of the Revised Statutes (2 *R. S.*, 664, § 28), and he was convicted upon such trial, and sentenced to imprisonment at hard labor, in the state prison at Auburn, for the term of ten years. And he had served such term.

After the prisoner was thus convicted, and before the term of his imprisonment in the state prison had expired, the indictment for the murder of his wife was found against him.

When his term in the state prison expired, the sheriff of Tompkins county took him from Auburn to the Tompkins county jail, where he had since been confined on the indictment for the murder of his wife.

The question arose on the trial of the prisoner for the abduction of his wife, whether he was guilty of murdering his wife or of her abduction; and the court charged the jury that if the evidence satisfied them that the prisoner had murdered his wife, they must acquit him of the crime of abducting her.

The prisoner was confined in the Tompkins county jail, at the time the indictment for the abduction of his wife was found, and he had never been at large out of the custody of an officer since that time.

The prisoner insisted that his trial, conviction and punishment for the abduction of his wife were a bar to all proceedings upon the indictment against him for her murder; and that he was entitled to a discharge from the custody of the sheriff of Tompkins county, without a trial upon the indictment for murder.

*John A. Williams* (District Attorney), for the people.

*Edward H. Rulloff,* in person.

BALCOM, J.—If the prisoner murdered his wife, he committed such crime before he was indicted for her abduction; and on his trial for the latter offence the court charged the jury, if the evidence satisfied them that he had murdered her, they must acquit him of the crime of abducting her; but he was convicted of her abduction, and has been imprisoned ten years for that offence. He now claims that his trial and conviction for abducting his wife are a bar to all proceedings upon the indictment against him for her murder; but it is unnecessary to pass upon that question in this proceeding, for, were it conceded that his trial and conviction have the force which he claims they have, he could not be discharged on a *habeas corpus.* He must be regularly tried upon the indictment for murder. The effect of the former trial and conviction can be considered and determined only by the Oyer and Terminer that shall try him for the murder. It cannot be adjudicated in this proceeding by *habeas corpus.* (*Rex* v. *Acton,* 2 *Str.,* 851; *S. C.,* 1 *Barnardist K. B.,* 250.)

The prisoner must therefore be remanded to take his trial in the Oyer and Terminer in the ordinary forms of law.

Ordered accordingly.