PEOPLE ex rel. LAZARUS v. PROTESTANT EPISCOPAL HOUSE OF
MERCY.

(Supreme Court, Appellate Division, First Department.   December 10, 1897.)

HABEAS CORPUS—SUFFICIENCY OF RETURN.

> In a proceeding to procure the discharge of an infant committed to a reformatory, under Laws 1882, c. 410, amended by Laws 1886, c. 353, the infant was brought before the court by writ of habeas corpus not accompanied by certiorari. The return set forth the mandate of the magistrate, which was in due form, and recited jurisdictional facts. The traverse alleged that the relator, the infant's mother, did not appear, and was not sworn or examined, before the magistrate, as set forth in the mandate, but merely signed, without reading, a paper represented to her to be a discharge. Upon demurrer to the traverse, *held*, that relator's allegations failed to impeach the jurisdiction of the magistrate.

Appeal from special term.

Proceedings in habeas corpus, in the name of the people, on the relation of Annie Lazarus, for the discharge of Sophia Lazarus from the Protestant Episcopal House of Mercy.   From an order of discharge, respondent appeals.   Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Elbridge T. Gerry, for appellant.

Isidor Cohn, for respondent.

INGRAHAM, J.   The relator presented a petition to one of the justices of the supreme court, alleging that one Sophia Lazarus had not been committed, and was not detained, by virtue of any judgment, decree, or final order or process specified in section 2016 of the Code of Civil Procedure; that the petitioner resided in New York, and that said Sophia Lazarus, prior to the time of her arrest, resided with the petitioner; that on the 8th day of July, 1897, said Sophia Lazarus was arrested by a police officer, and on the 9th day of July, 1897, was taken to the Essex Market Police Station; that the proceedings taken and had before the magistrate were irregular and without authority, as deponent never consented to the commitment of her said daughter, Sophia; and that said Sophia is unlawfully restrained in her liberty, for reasons aforesaid.   Annexed to this petition are the affidavits of the son and daughter of the relator as to the occurrence at the court house.   By the return to the writ, the appellant alleged that the said Sophia Lazarus was in the custody of the respondent by virtue of a mandate, a copy of which was annexed to the return.   That man-

date purported to be signed by a city magistrate, and recited that the said Sophia Lazarus, "actually and apparently over the age of twelve years, and under the age of twenty-one years, to wit, of the age of fourteen years, was heretofore, on the 9th day of July, 1897, duly brought, voluntarily came before me for examination, charged before me (upon her own confession), upon the allegation under oath of Annie Lazarus, that she, the said female, Sophia Lazarus, on the 8th day of July, 1897, at the city and county aforesaid, was found associating with vicious and dissolute persons, and is disobedient to her mother (deponent), and is in danger of becoming morally depraved, in violation of the provisions of chapter 410 of the Laws of 1882, as amended by chapter 353 of the Laws of 1886, of this state"; and the magistrate, having in due form of law examined the said complainant, and the witnesses before him produced, "and also the said female, who was duly produced for my personal inspection pursuant to law, and it appearing and having been proven to me to my satisfaction, by competent testimony and evidence, and by the confession of such female, that the said female is, and on the day last aforesaid was, actually and apparently over the age of twelve years, and under the age of twenty-one years, to wit, of the age of fourteen years, and on the day last aforesaid, at the city and county aforesaid, was found as aforesaid, and is, and on the day last aforesaid was, in danger of becoming morally depraved, in violation of the laws aforesaid," it was adjudged that the allegations set forth and stated were true, and that said female is embraced within the provisions of the laws aforesaid, and that it was for the welfare of said infant that she be placed in a reformatory; and it was adjudged that the said female, without delay, be delivered to the respondent, and "such female is hereby committed, under and in pursuance of the provisions of the laws aforesaid, to be and remain under the guardianship of the said institution during her [said female's] minority, unless sooner discharged by the trustees or managers thereof." The relator traversed that return, denying that she appeared and was sworn or examined before the magistrate for the purpose of having her daughter committed to any institution on account of said daughter being disobedient to the petitioner, or that said Sophia Lazarus is or ever was in danger of becoming morally depraved; further alleging that she appeared before the said magistrate for the purpose of procuring her said daughter's release; that she demanded the return of her daughter, and was handed a paper, which was represented to her by one of the agents of the Society for the Prevention of Cruelty to Children to be a discharge; that she demanded permission to show the paper to her son, as she was ignorant of the English language, being unable to speak, write, or read the same, which request was denied; that said paper so signed by her was obtained without the same being read to her; that she was thereafter invited to the judge on the bench by the agent, where she remained a minute, and was told to go home; that no questions were asked the petitioner by the magistrate; that she was not informed by the magistrate as to the purport of the paper signed by her; that she never laid any information to any person to commit her child; and that no examination was had before the said magistrate regarding the

commitment of her said child. To that traverse the appellant demurred, upon the ground that the proceedings upon which the commitment was based, and the facts recited therein, are not the subject of review by this court upon the present proceedings; that such proceedings, under the provision of section 749 of the Code of Criminal Procedure, can only be reviewed upon an appeal as therein prescribed; and that said traverse is frivolous and untenable. Upon this demurrer the order appealed from was made, discharging the child from the custody of the appellant.

We think, upon the return and traverse, it was the duty of the court to have dismissed the writ, and remanded the said Sophia Lazarus to the custody of the appellant. By section 2016 of the Code of Civil Procedure it is expressly provided that a person is not entitled to a writ of habeas corpus or a writ of certiorari where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, or the final order of such tribunal made in a special proceeding, instituted for any cause, except to punish him for a contempt. By section 2032 of the Code of Civil Procedure it is provided that the court or judge must forthwith make a final order to remand the prisoner, if it appears that he is detained in custody by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, or the final order of such a tribunal made in a special proceeding, instituted for any cause, except to punish him for a contempt. And by section 2034 of the Code of Civil Procedure it is provided that a court or judge, upon the return of a writ, shall not inquire into the legality or justice of any mandate, judgment, decree, or final order specified in section 2033, except as therein stated. In this case there was no writ of certiorari presented, the person imprisoned being before the court upon a writ of habeas corpus.

In the case of People ex rel. Danziger v. Protestant Episcopal House of Mercy, 128 N. Y. 181, 28 N. E. 473, a female infant over the age of 12 years was committed by a police justice of the city of New York to the appellant in this proceeding by a warrant in substantially the same form as that in the case at bar. It was held that the only question before the court on the return of the writ was whether the magistrate executing the commitment had jurisdiction of the case, and authority to pronounce the judgment rendered, and that the return and the accompanying documents showed conclusively that the jurisdiction of the magistrate over the person of the offending female and the subject-matter of the complaint was fully demonstrated, and that the commitment was, in substance and form, sufficient to show such jurisdiction and the legality of the proceeding. The petitioner in that case did attempt to traverse the return by showing that neither the person committed nor the petitioner, her mother, was examined by the magistrate, and that no evidence was offered to show that the house was a reputed house of prostitution, or that the petitioner was in danger of becoming morally depraved; but it was held that such a traverse failed to show that any of the material facts as to the jurisdiction of the magistrate stated in the return were either controverted or avoided by extrinsic mat-

ter; that, even if it could be regarded as a denial of the fact that the accused was found in a reputed house of prostitution, it would still be open to the objection that it was an effort to retry the issue already determined by the committing magistrate upon competent evidence.

In the case of People v. Protestant Episcopal House of Mercy, 133 N. Y. 209, 30 N. E. 853, the same principle was applied. In that case the relator sued out a writ of habeas corpus, alleging that his daughter, at the time of her commitment, was 19 years of age, and that she, being 21 years of age when the writ was applied for, was entitled to be discharged. In that case the relator traversed the return averring that her age was erroneously stated in the commitment; that no evidence was given before the police magistrate upon the subject; and that she was, in fact, at the time of the application, over 21 years old. The appellant demurred to the traverse, upon the ground that the proceeding upon which the commitment was based, and the facts therein recited and adjudged, could not be reviewed in this manner. The court held that the demurrer to the traverse should have been sustained, the proceedings dismissed, and the relator's daughter remanded to the custody of the appellant; that the age of the daughter was a fact material to the jurisdiction of the police justice, which he was expressly authorized by the statute to ascertain, and which he did determine upon proofs submitted to him, and that his adjudication in this respect could not be questioned in the proceeding before the court; that the commitment had all the force and effect of a final judgment of a court of competent jurisdiction, under the provisions of the Code regulating the procedure in habeas corpus cases.

Applying this principle to the traverse to the return in the case at bar, it neither disputed any fact upon which the jurisdiction of the magistrate was predicated, nor did it allege extrinsic facts tending to show the want of jurisdiction on his part to render the judgment. It was not denied that the person committed and the relator herself were before the magistrate. It is simply alleged that the relator herself did not appear and was not sworn or examined before the magistrate for the purpose of having her daughter Sophia committed to any institution; that she (relator), on the 9th of July, 1897, appeared at said magistrate's court, for the purpose of procuring her said daughter's release; that, when she arrived there, she went into an anteroom of the said court, maintained by the Society for the Prevention of Cruelty to Children; that she demanded the return of her daughter, and was handed a paper, which was represented to her by one of the agents of the said society to be a discharge; that she was refused permission to show this paper to her son, and that the paper was signed by her without its being read to her; that she went before the judge on the bench, and remained a minute, and was told to go home; and that no questions were asked her by the magistrate. All of these allegations fail to impeach the jurisdiction of the magistrate, and come expressly within the provisions of the Danziger Case, supra. It was there held that it was unnecessary that either of the parties named—that is, the mother

·of the child, or person in custody—should be examined by the magistrate on the trial. It was not alleged in this return that the charge was not read to the prisoner, and her plea taken. ' The warrant annexed to the return certifies that the person in custody was duly produced for the magistrate's personal inspection, pursuant to law, and that it was proven to his satisfaction, by competent testimony and evidence, and by the confession of the said female, that the said female was guilty; and as that statement in the warrant is not disputed by the traverse, as was said in the Danziger Case, supra, "under the statute such confession is of itself sufficient to sustain the judgment rendered in the case." We think, therefore, that there was nothing to show that the magistrate did not have jurisdiction to render the judgment, and that, in the absence of such allegations in the traverse, it was the plain duty of the learned justice to remand the prisoner.

The order must be reversed, the proceedings dismissed, and the prisoner remanded to the custody of the appellant, with leave to apply for another writ of habeas corpus, accompanied by a writ of certiorari. All concur.