(27 Misc. Rep. 457.)

PEOPLE ex rel. STERN v. NEW YORK SOCIETY FOR PREVENTION OF CRUELTY TO CHILDREN et al.

(Supreme Court, Special Term, New York County. May 17, 1899.)

1. INFANT—COMMITMENT—REVIEW—HABEAS CORPUS.
   Though the commitment of an infant to a reformatory was in fact inadvisable, and would be set aside in a direct proceeding by petition in equity, it does not warrant habeas corpus to review the commitment, where the case is within Code Civ. Proc. § 2016, prohibiting the same, where the one in custody was committed by the final judgment of a competent tribunal of criminal jurisdiction.

2. CERTIORARI—OTHER REMEDIES.
   Resort cannot be had to certiorari, where one has an adequate remedy by appeal.

3. SAME—WHAT REVIEWABLE.
   Evidence on which a commitment was based cannot be reviewed by certiorari.

Application for habeas corpus and certiorari by the people, on the relation of Julia Stern, against the New York Society for the Prevention of Cruelty to Children and the Five Points House of Industry. Dismissed.

Benjamin Reass, for relator.

Delancey Nicoll, for respondents.

GIEGERICH, J. Upon return of writs of habeas corpus and certiorari, it is not disputed that the infant, whose custody is the subject of dispute, was committed to the charge of the respondent the Five Points House of Industry, by final judgment of a competent tribunal of criminal jurisdiction, and is now temporarily in the custody of the respondent the New York Society for the Prevention of Cruelty to Children, because of the breaking out of a contagious disease in the house of reception of the former; but the moving party contends that upon affidavits showing the inadvisability of the commitment, as a matter of fact, the general powers of the court, as the guardian of the interests of all infants, should be exercised favorably to the application. While it is to be conceded that the court has power to go behind a commitment of this character in the interests of the infant committed, where a direct proceeding is instituted by petition addressed solely to the equitable discretion (In re Knowack, 158 N. Y. 482, 53 N. E. 676), the power cannot be exercised at the instance of the present applicant, in view of the form of the application. Here the proceeding is not such as was instituted in the case cited, and the rules governing applications based upon writs of certiorari and habeas corpus are precise. As the proceedings which terminated in the commitment of the child can be adequately reviewed upon an appeal, as prescribed by section 749 of the Code of Criminal Procedure, a writ of certiorari cannot be issued to review such determination. Code Civ. Proc. § 2122. Moreover, such writ was not intended to enable a justice to review the evidence upon which the commitment is based. People v. Sisters of St. Dominick, 34 Hun, 463, 2 N. Y. Cr. R. 528; People v. American Female Guardian Soc., Id. 538, note. The commitment having been made by a court of competent jurisdic-

tion, the writs cannot be sustained (Code Civ. Proc. § 2016; People v. Sisters of St. Dominick, supra; People v. Protestant Episcopal House of Mercy, 23 App. Div. 383, 48 N. Y. Supp. 217); and, since the return is not assailed upon jurisdictional grounds, there is nothing before the court.

Writs dismissed.