PEOPLE ex rel. SCHARFF v. FROST, Warden.

(Supreme Court, Special Term, New York County. March, 1909.)

**1. CRIMINAL LAW (§ 977*)—JUDGMENT—SENTENCE—TIME FOR.**

When no sentence is imposed on a plea of guilty, the court may pronounce sentence at a subsequent term.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2492; Dec. Dig. § 977.*]

**2. CRIMINAL LAW (§ 86*)—JURISDICTION—COURTS.**

The Courts of Sessions are superior courts of general jurisdiction of crimes.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 125; Dec. Dig. § 86.*]

**3. HABEAS CORPUS (§ 22*)—NATURE OF REMEDY.**

Habeas corpus will not lie to review the final determination of a court of general jurisdiction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 19½; Dec. Dig. § 22.*]

Habeas corpus by the People, on the relation of Joseph Scharff, against Jesse D. Frost, Warden, for the discharge of the relator from prison. Writ dismissed.

Samuel S. Koenig, for relator.

Robert S. Johnstone and Robert C. Taylor, Asst. Dist. Attys., for respondent.

PLATZEK, J. This is an application for the discharge of the relator from state prison upon a writ of habeas corpus, on the ground that he was illegally sentenced upon a plea of guilty of the crime of seduction under promise of marriage.

The Court of General Sessions had jurisdiction of the subject-matter and person in the criminal action wherein the relator, upon his confession and plea, was adjudged guilty of the crime of seduction under promise of marriage on the 24th day of April, 1908. Thereupon he was remanded for sentence. Intervening that date and May 6, 1908, the relator and the prosecutrix intermarried, whereupon and on that day the court suspended sentence, pursuant to section 12 of the Penal Code. On February 17, 1909, the relator was rearrested, the sus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pended sentence revoked, and judgment in due form of law pronounced by the court, sentencing him to an indeterminate term in state prison, the minimum of which was four years and six months. It is well settled that upon a plea of guilty, or on a conviction, when no present sentence is imposed, the court may pronounce sentence at a subsequent term, which was done in this case. Prosecution exists and continues until terminated in a final judgment of the court. In this matter such final judgment was pronounced on February 17, 1909, when the relator was sentenced to state prison for the offense for which he was indicted and to which he pleaded guilty.

A writ of habeas corpus will not lie "where * * * one has been committed or is detained by virtue of the final judgment * * * of a competent tribunal of civil or criminal jurisdiction" (subdivision 2, § 2016, Code Civ. Proc.). A writ of habeas corpus will not be allowed to review the final determination of an inferior court of limited jurisdiction. People ex rel. Lazarus v. House of Mercy, 23 App. Div. 383–386, 48 N. Y. Supp. 217. A fortiori such writ cannot be availed of to review the final determination of a superior court of general jurisdiction. The Courts of Sessions are superior courts of general jurisdiction of crimes. People v. Bradner, 107 N. Y. 1, 13 N. E. 87. It is provided by section 515 of the Code of Criminal Procedure that "the only mode of reviewing a judgment or order in a criminal action * * * is by an appeal," which may be taken as a matter of right within one year after judgment rendered. It is apparent from the foregoing that the court in this proceeding is without power to review the facts leading up to the judgment and sentence or to pass upon the merits.

Because of what has been hereinbefore stated, it is unnecessary to consider, discuss, or determine the other questions urged on this application. What this court would have done under similar circumstances as to revoking the suspended sentence and pronouncing the sentence which was imposed is not now properly a subject for consideration or determination. The relator has mistaken his remedy, which is not by habeas corpus, but by appeal to the Appellate Division or the grace of executive clemency.

Writ dismissed.