## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### June 5, 1918.

### THE PEOPLE ex rel. MARQUIS CURTIS v. HARRY R. KIDNEY, Warden.

#### (183 App. Div. 451.)

SENTENCE—HABEAS CORPUS—TERM OF FIRST IMPRISONMENT NOT DETERMINED UNTIL EXPIRATION OF SENTENCE FOR DIFFERENT CRIME.

Although a person may have been sentenced to imprisonment for a longer period than allowed by the statute, he is not entitled to release on habeas corpus at the expiration of the legal term, as claimed by him, where, as a matter of fact, he has received a further sentence for a different crime the imprisonment therefor to begin at the expiration of the former sentence.

SAME.

The relator cannot raise the question as to the legal limit of his first sentence by habeas corpus until he has served the legal term and the succeeding sentence under his last conviction.

APPEAL by the relator, Marquis Curtis, from an order of the County Court of Cayuga county, entered in the office of the clerk of said county on the 8th day of April, 1918, dismissing the writ of habeas corpus herein and remanding the relator to custody.

*Marquis Curtis,* in person, appellant.

*Benn Kenyon, District Attorney,* for the People, respondent.

PER CURIAM:

Appellant is confined in the Auburn State Prison. He sued out a writ of habeas corpus, which after hearing before the

county judge was dismissed and appellant remanded to the custody of the warden.

His contention was that his sentence by the County Court of Kings county May 18, 1908, for a term of nine years and ten months on his conviction for violation of section 508 of the then Penal Code (now Penal Law, § 408) in having possession of burglar's instruments, charged as a second offense, was illegal and that a seven-year term was the extreme limit authorized by statute.

Assuming appellant to be right in this contention and that he has already served more than seven years under this sentence and so would be entitled to his discharge, we think he is not in a position to have it so adjudged on habeas corpus, since while serving his sentence and on May 15, 1911, he was convicted of the crime of assault in the first degree in the County Court of Clinton county and sentenced to a term of ten years in State prison to begin at the expiration of his former sentence. Thus relator is not entitled to be discharged from imprisonment at the present time, even if his former sentence of nine years and ten months was excessive as he claims.

The proper legal term of his imprisonment under that conviction cannot now be tested by habeas corpus since the office of the writ is not to review an erroneous judgment upon his conviction unless he is now entitled to be discharged from imprisonment. After he shall have served seven years of his first term and ten years after his last conviction, then, and not until then, can he raise the question of the legal limit of his first sentence by habeas corpus.

The order dismissing the writ and remanding appellant into custody must be affirmed.

All concurred.

Order affirmed.