## SUPREME COURT — SPECIAL TERM — WAYNE COUNTY

### July, 1919.

## THE PEOPLE ex rel. BENNY SABATINA v. JENNINGS, Warden, etc.

### (108 Misc. 93.)

(1.) HABEAS CORPUS*—WHEN NOT PROPER REMEDY—INDICTMENT—TRIAL —CRIMINAL LAW—PENAL LAW, §§ 1090, 2460.

Upon the trial of an indictment containing two counts, one framed under section 1090 of the Penal Law and the other under section 2460 thereof, the court dismissed the first count and a verdict of guilty upon the second count was set aside. Upon the new trial on both counts, against defendant's timely and sufficient objection, a general verdict of guilty was returned. *Held,* that the court, having jurisdiction of the offenses charged and of the defendant, its decision to try defendant upon both counts, whether right or wrong, furnished no ground for his release on habeas corpus, his remedy being by appeal from the judgment of conviction.

(2.) SAME.

A violation of section 1090 of the Penal Law being punishable by a maximum term of ten years, while for the offenses defined by six of the subdivisions of section 2460 the maximum is twenty years and in one subdivision twenty-five years, and a sentence in excess of ten years having been imposed, a contention that the discretion of the court was limited by section 1090 was not available on habeas corpus, the maximum term of ten years not having yet expired.

HABEAS CORPUS proceedings.

*Benny Sabatina,* in person, for writ.

*Gordon G. Harris, Deputy Attorney-General,* opposed.

---

* See notes, Vol. 15, p. 152; Vol. 23, p. 55.

Sawyer, J.:

Relator claims to have been convicted in the county of Bronx upon an indictment in two counts, one framed under section 1090 of the Penal Law and one under section 2460 thereof. The allegations of his petition, eliminating extraneous matter, show he was twice tried; that upon the first trial the court dismissed the charge set out under section 1090 and submitted to the jury the charge of the remaining count, upon which a verdict of guilty was found. This verdict was thereafter upon relator's motion set aside and a new trial ordered. Upon such new trial both counts of the indictment were, over defendant's timely and sufficient objection, tried and submitted and a general verdict of guilty had thereon.

Relator now seeks discharge from the imprisonment imposed upon the ground that his second trial was in violation of the "twice in jeopardy" provisions of the Constitution, and that the sentence was in excess of that authorized.

No proof was offered upon the hearing before me as to the facts above recited, relator evidently resting in the belief that in the absence of denial by respondent they were to be deemed admitted (the return simply sets out the judgment upon which relator is held).

Assuming, but not deciding, that the facts are as stated by him, there is authority for his contention that the second trial should have been confined to the undismissed count of the indictment and that the overruling of his objection was reversible error. Van F. Form. Adj. 1265.

Unqestionably, however, the trial court had by law jurisdiction of the offenses charged in the indictment and of the person of defendant. This being so, its decision to try him upon both counts was within its jurisdiction and that decision wether right or wrong did not furnish ground for a writ of habeas corpus. People ex rel. Hubert v. Kaiser, 206 N. Y.

46–52, 27 N. Y. Crim. 410; People v. Rulloff, 3 Park. Cr. Rep. 126; Matter of Bigelow, 113 U. S. 328.

Defendant's remedy was by appeal, but apparently he has not availed himself thereof. Had he done so, his rights would have been safeguarded and those of the people as well, by a reversal of the judgment and ordering of a new trial upon the count undoubtedly good. Instead he demands by way of habeas corpus absolute freedom, thus, if successful, avoiding punishment for the offense for which he was rightfully subject to trial as well as that set out in the count dismissed. Such attempt serves to illustrate forcibly the reason for the rule which relegates a defendant to his remedy by appeal in all cases where the court has jurisdiction of the defendant and of the subject matter charged.

The term of imprisonment provided for a violation of section 1090 of the Penal Law is fixed at a maximum of ten years, while for offenses defined by six of the subdivisions of section 2460 that maximum is extended to twenty years, and in one subdivision twenty-five years.

Under his conviction relator received and is now serving a sentence in excess of ten years. He insists that such sentence is erroneous in that the facts constituting the crime limited the discretion of the court to the punishment provided in section 1090.

It seems unnecessary to consider the very ingenious argument upon which he bases this proposition, for the reason that the shorter term for which he contends has not yet expired and until then the question is not available under a writ of this character. (People ex rel. Curtis v. Kidney, 183 App. Div. 451.)

From the foregoing it follows that the writ must be dismissed and relator remanded.

Writ dismissed.