THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARQUIS CURTIS, Relator, v. EDGAR S. JENNINGS, Agent and Warden of Auburn Prison, Respondent.

Supreme Court, Cayuga County, March 17, 1925.

**Habeas corpus — proceeding to inquire into detention of relator convicted upon indictment and confined in State's prison — mere statement in petition that court had no jurisdiction to convict relator insufficient — writ dismissed — review of duration of sentence barred.**

A writ of habeas corpus to inquire into the detention of the relator, convicted upon an indictment and confined in a State's prison, should be dismissed in the absence of a proper statement of facts in the petition that the conviction was illegal and void and the court was without jurisdiction. A mere statement in relator's petition that the court had no jurisdiction is insufficient.

Relator's last conviction bars a review at the present time of the duration of his first sentence.

HABEAS CORPUS proceeding to inquire into detention of relator now confined in a State's prison.

*Marquis Curtis,* in person, for the relator.

*Albert Ottinger, Attorney-General,* for the respondent.

RODENBECK, J.:

There is nothing in the papers to raise an issue as to the jurisdiction and power of the court before which relator was convicted and the questions raised by statements of facts in his petition go to the regularity of the proceedings and are reviewable only by appeal. The writ of habeas corpus cannot be resorted to to try out the legality and justice of a conviction if the court had jurisdiction and power to render the judgment. " No inquiry into the 'legality or justice' of any mandate is permitted, except as those terms include questions of jurisdiction or power." (*People ex rel. Farrington* v. *Mensching,* 187 N. Y. 8, 27.) In this case no such questions are presented by the facts stated and no inquiry will be made unless such an issue is raised upon a proper statement of facts. A mere statement that the court had no jurisdiction and power is not sufficient unless accompanied by specifications of facts from which such a conclusion can be fairly drawn. (*People ex rel. Danziger* v. *P. E. House of Mercy,* 128 N. Y. 180; *People ex rel. Lazarus* v. *P. E. House of Mercy,* 23 App. Div. 383.) It must be apparent that a person convicted cannot secure a release upon a bare statement that the conviction was illegal and void and that the court was without jurisdiction and power. There must be a substantial

basis shown in the papers for such statements and evidence to substantiate them.

The last conviction bars a review at the present time of the length of the first sentence. (*People ex rel. Curtis* v. *Kidney,* 183 App. Div. 451.)

The writ is dismissed and the relator is remanded.