THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH M. ROBARGE, Plaintiff, *v.* FRANK D. WALRATH, Sheriff of Jefferson County, Defendant.*

Supreme Court, Jefferson County, January 30, 1932.

---

* See, also, *People* v. *Robarge* (142 Misc. 457).

*Herbert C. Teepell* and *Ray W. Merrill*, for the relator.

*Carl J. Hynes, Assistant District Attorney*, for the defendant.

SMITH, EDWARD N., J. The petition shows that the relator is imprisoned and restrained in his liberty by virtue of a commitment made by E. G. Spicer, justice of the peace of the town of Lorraine, Jefferson county, N. Y., dated on or about the 4th day of December, 1931.

The relator was found guilty, at a trial by a jury, of having committed a misdemeanor in that on the 20th day of November, 1931, he violated section 58 of the Vehicle and Traffic Law of this State, which makes reckless driving a misdemeanor; he was sentenced by the justice of the peace to pay a fine of fifty dollars and to be imprisoned in the county jail of Jefferson county for a period of six months. This punishment is only authorized in case a defendant be a second offender.

Section 58 of the Vehicle and Traffic Law in part provides: " Every person violating this provision shall be guilty of a misdemeanor and shall be punished by a fine not exceeding fifty dollars for the first offense; and by a fine not exceeding fifty dollars or imprisonment not exceeding six months, or by both such fine and imprisonment, in the discretion of the court, for a second or subsequent offense."

It appears that in the course of the trial before the jury the relator was asked whether he had been theretofore convicted of reckless driving and that he replied that he had been so convicted. Upon the coming in of the verdict of the jury he was sentenced by the justice of the peace as above stated. The justice of the peace forthwith issued an irregular warrant of commitment, and thereafter

a new warrant was issued which recites that "Joseph Robarge was on the 3rd day of December, 1931, duly tried before me and a jury and by said jury was convicted of the crime of reckless driving, second offense, and afterwards was by me in due form of law sentenced to pay a fine of fifty dollars and to be imprisoned in the County Jail of Jefferson County for a term of six months," and commands the sheriff of Jefferson county to receive and detain said Joseph Robarge until the judgment shall have been satisfied.

The information charged the relator with a misdemeanor in that he had violated said section 58; it contained no reference to a previous conviction under this section. The relator has paid his fine and in this proceeding seeks his release upon the ground that the Court of Special Sessions had no power to sentence him as a second offender.

The charge upon which the relator was tried was the violation of section 58 of the Vehicle and Traffic Law, and he was found guilty. He was not tried as a second offender. The statement in the warrant of commitment that he was convicted by a jury of " the crime of reckless driving, *second offense*," is not true. At all stages the relator was represented by counsel.

An appeal was taken to the County Court from the judgment of conviction and the judgment of conviction has been affirmed. (142 Misc. 457.)

Upon the affirmance of the judgment of conviction the county judge, as he was required to do by section 546 of the Code of Criminal Procedure, committed the relator to the county jail of Jefferson county for the remainder of his term of imprisonment.

The relator is detained by virtue of the final judgment of a competent tribunal of criminal jurisdiction. Upon the appeal to the County Court the question here presented was argued and decided adversely to the relator's contention, as appears by the warrant of commitment issued by the county judge.

The question, therefore, arises as to whether this court has any jurisdiction to review the question presented, to wit, the question raised by the fact that the information contained no allegation in reference to a previous offense.

This court has no power in the premises unless the justice of the peace was either without " jurisdiction " or without " power " to render the judgment which he rendered. (*People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8, 27; *People ex rel. Curtis* v. *Jennings*, 124 Misc. 903.)

There is no question raised here as to the jurisdiction of the justice of the peace. He had "jurisdiction" over this misdemeanor. The only question is as to whether he had " power " to render the

judgment which he did render. There is no question but that he had the power to render the judgment. Section 58 of the Vehicle and Traffic Law provides the punishment in cases of second offenders. What of the method of procedure as distinguished from the power?

Prior to 1920 the Penal Law, section 1941, provided that "A person, who, after having been convicted within this state, of a felony or an attempt to commit a felony, *or of petit larceny,* \* \* \* is punishable upon conviction of such second offense, as follows: "

This section was amended by chapter 571 of the Laws of 1920 by striking out the words " or of petit larceny." My attention has been called to no other provision of the Penal Law which provides for additional punishment in cases of second offenders in cases of misdemeanors; but section 58 of the Vehicle and Traffic Law does so provide.

Until the year 1926, when the so-called " Baumes Laws " were enacted, there was no proceeding prescribed by the Penal Law or by the Code of Criminal Procedure as to when or how the issue as to whether a party had been guilty of a prior offense was to be determined, and the courts of the State uniformly held, under such conditions, that unless the allegation of a conviction of a prior offense was contained either in the information or in the indictment a party could not be punished as a second offender. (*Matter of Kenney,* 23 Misc. 9; *Wood* v. *People,* 53 N. Y. 511; *People* v. *Rosen,* 208 id. 169; *People* v. *Gowasky,* 244 id. 451.)

Under these holdings there can be no doubt that if the information here had set up the conviction of the prior offense the issue could have been determined in the Court of Special Sessions. Under the so-called " Baumes Laws " the defect in the Penal Law in respect of lack of a provision for procedure in the cases of second offenders was cured by what is now section 1943 of the Penal Law (as added by Laws of 1926, chap. 457). Under this section it is no longer necessary to set up in the indictment the charge of conviction of a prior offense, but " if at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth \* \* \* it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions." The section further provides for proceedings upon such information.

The County Court in, affirming the judgment, has in effect held that, by analogy, such proceedings may be had in Courts of Special Sessions in cases of second offenders under section 58 of the Vehicle and Traffic Law, and has, therefore, affirmed the judgment of

conviction. Was not relator's admission of conviction of a prior offense sufficient? Whatever may be one's opinion as to the soundness of the judgment of affirmance, a question of illegality, rather than a question of power, was passed upon.

If I am correct in this view, the relator has mistaken his remedy; it is by appeal to the Court of Appeals from the judgment of affirmance by the county judge, as provided in subdivision 3 of section 520 of the Code of Criminal Procedure. (*People* v. *Fitzgerald*, 244 N. Y. 307.)

The writ must, therefore, be quashed.

Ordered accordingly.