# COURT OF APPEALS,

## June 21, 1912.

# THE PEOPLE ex rel. MARTIN F. HUBERT v. HARRY M. KAISER, AS WARDEN.

### (206 N. Y. 46.)

(1.) HABEAS CORPUS—WRIT GRANTED ON PETITION OF PRISONER HELD IN CUSTODY UNDER JUDGMENT OF CONVICTION.

The summary remedy of a writ of habeas corpus cannot perform the functions of an appeal from a judgment of conviction. The court, before which a prisoner is brought under the writ, will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment, the writ must be dismissed. The only inquiry is whether the magistrate had authority to pronounce a judgment of imprisonment for the cause assigned and if this is shown, the statute forbids the judge to review the decision of such magistrate.

(2.) SAME—SUCH WRIT DOES NOT AUTHORIZE REVIEW OF DECISION OF COMMITTING MAGISTRATE—JURISDICTION ONLY QUESTION TO DETERMINE.

Where the record produced on the hearing on the writ showed that a prisoner not charged with a crime punishable by death had withdrawn a plea of not guilty and pleaded guilty, that was as effective as if there had been a conviction by the verdict of a jury, and the court was not concerned with questions relating to the regularity of the proceedings or to the sufficiency of the facts to establish his guilt or with the severity of the sentence, but only with the question of jurisdiction; that is, the power of the tribunal before which the prisoner was arraigned to sentence him; nor is the application of this rule affected by the fact that the prisoner when arraigned made statements which tended to show that the crime charged and confessed to was not made out. The examination before sentence bore not upon his guilt, but upon the severity of the judgment to be rendered and the trial judge had a right to doubt his statements.

(3.) SAME—APPEAL BY PEOPLE FROM FINAL ORDER—CODE CIV. PRO., §·2058.

The first sentence of section 2058 of the Code of Civil Procedure gives the People the unqualified right to appeal from a final order discharging the prisoner. The succeeding sentence is permissive and was intended to authorize an appeal before bail is given, where the

* See Notes 15-151, 23-55.

discharge, instead of being absolute, is conditional, and to provide that in such case an appeal by the People should not stay the discharge of the prisoner upon giving bail.

People ex rel. Hubert v. Kaiser, 27 N. Y. Crim. 410, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 14, 1912, which reversed an order of Special Term sustaining a writ of habeas corpus and dismissed said writ.

The facts, so far as material, are stated in the opinion.

*Mirabeau L. Towns,* for appellant.

The judgment of conviction was null and void for lack of jurisdiction of the court to pronounce it. (People v. Cassels, 5 Hill, 164; Holman v. Mayor, etc., 34 Texas, 668; People v. Mc-Callam, 3 N. Y. Cr. Rep. 189; 103 N. Y. 588; People v. Mondon, 103 N. Y. 211; People ex rel. Bretton v. Schleth, 123 N. Y. Supp. 686.) The lack of jurisdiction rendering a judgment null and void is reviewable by writ of habeas corpus. (People ex rel. Tweed v. Liscomb, 60 N. Y. 559; Matter of Bonner, 151 U. S. 242; People ex rel. Perkins v. Moss, 187 N. Y. 410; People ex rel. Bungart v. Wells, 57 App. Div. 140; O'Donoghue v. Boies, 159 N. Y. 98; People ex rel. Livingston v. Wyatt, 186 N. Y. 383.) No appeal lies by the People from an order of final discharge upon a writ of habeas corpus from imprisonment by virtue of a judgment of conviction. (The City of London, 8 Coke, 7; King v. Trinity Chapel, 8 Mod. 28; Yates v. People, 6 Johns. 335; People ex rel. Tweed v. Liscomb, 60 N. Y. 559.)

*Thomas Carmody,* Attorney-General (*J. A. Kellogg,* of counsel), and *Charles S. Whitman,* District Attorney (*Charles F. Bostwick* and *Robert S. Johnstone,* of counsel), for respondents.

The sole inquiry under a writ of habeas corpus is into the jurisdiction of the court issuing the process under which the prisoner is detained in custody. If the court had jurisdiction, it matters not how erroneous its proceedings may have been, and jurisdiction once being established, there can be no inquiry into the manner of its exercise. (Church on Habeas Corpus, §§ 223, 363; Matter of Bogart, 2 Saw. 396; People ex rel. Tweed v. Liscomb, 60 N. Y. 559; People ex rel. Wolff v. Jacobs, 66 N. Y. 8; People ex rel. Scharff v. Frost, 198 N. Y. 110; Ex parte Bigelow, 113 U. S. 328; Harlan v. McGourin, 218 U. S. 442; Matter of Gregory, 219 U. S. 210; People ex rel. Dandiger v. House of Mercy, 128 N. Y. 180; People ex rel. Kuhn v. House of Mercy, 133 N. Y. 207; People ex rel. Kleischman v. Fox, 34 Misc. Rep. 82.) The order from which the appeal was taken by the People to the Appellate Division was a " final order," and an appeal therefrom was expressly given by statute. (Code Civ. Pro. § 2058; People ex rel. Duryee v. Duryee, 188 N. Y. 440; Matter of Quinn, 2 App. Div. 103; People ex rel. Breslin v. Lawrence, 107 N. Y. 607.)

*Arthur S. Hogue,* District Attorney (*Thomas H. O'Brien.* and *John Willett,* of counsel), for respondents.

The judgment of conviction under which the prisoner Brandt is held, having been rendered by a court having jurisdiction of the person of the prisoner and of the offense charged in the indictment and the sentence imposed having been within the power of the court, is not open to collateral attack. (People ex rel. Duryee v. Duryee, 188 N. Y. 440; People ex rel. Scharff v. Frost, 198 N. Y. 110; People ex rel. Kuhn v. House of Mercy, 183 N. Y. 207; People ex rel. Danziger v. House of Mercy, 128 N. Y. 180; People ex rel. Tweed v. Liscomb, 60 N. Y. 559; People ex rel. Van Riper v. N. Y. C. Protectory, 106 N. Y. 604; People ex rel. Smith v. Van de Carr, 86 App. Div. 9; People ex rel. Schneider v. Hayes, 108 App. Div. 6.) The order made at Special Term is appealable. (People ex rel.

Duryee v. Duryee, 188 N. Y. 440; People ex rel. Dinsmore v. Keeper of Penitentiary, 125 App. Div. 137; Matter of Scrafford, 59 Hun, 320; People ex rel. Catlin v. Tucker, 19 N. Y. S. R. 903; People v. Carter, 48 Hun, 165; People v. Terry, 42 Hun, 273; People v. Seaton, 25 Hun, 305; People ex rel. Breslin v. Lawrence, 107 N. Y. 607; Matter of Quinn, 2 App. Div. 103.)

GRAY, J.:

This is an appeal by the relator from an order of the Appellate Division, in the first department, which reversed a final order of the Special Term, sustaining a writ of habeas corpus and discharging the prisoner Brandt from custody under a judgment of the Court of General Sessions of the city and county of New York. The order of the Appellate Division dismissed the writ and remanded the prisoner to the custody of the warden of Clinton Prison under the judgment. The justices of the Appellate Division were unanimous in their decision and the opinion, which was delivered by that court, has, most thoroughly, covered the ground, upon which the relator rests his contention that the prisoner Brandt is illegally detained in custody. The question was a very simple one. It was whether the court, before which Brandt was arraigned, had jurisdiction to try him and to pronounce judgment against him for the offense, for which he was indicted. The statutory provisions regulating a proceeding under the writ of habeas corpus are, so far as material, that a person is not entitled to the writ "Where he has been committed, or is detained, by virtue of the final judgment, or decree, of a competent tribunal of civil or criminal jurisdiction." (Code of Civ. Pro. sec. 2016.) Section 2032 of the Code provides that " the court or judge must forthwith make a final order to remand the prisoner, if it appears that he is detained in custody for either of the following causes, and that the time, for which he may legally be so detained, has not ex-

pired. * * * 2. By virtue of the final judgment or de-
cree of a competent tribunal, of civil or criminal jurisdiction."
Section 2034 provides that "a court or judge, upon the return
of a writ issued as prescribed in this article, shall not inquire
into the legality or justice of any mandate, judgment, decree,
or final order, specified in the last section but one (i. e., sec.
2032), except as therein stated."

The petition of the relator, as the "next friend" of Brandt,
(made five years after the judgment), set forth the commitment
upon an indictment charging the prisoner with the crime of
burglary in the first degree and his plea of guilty; that the rec-
ord disclosed that the crime was never committed, as charged,
and that the prisoner did not plead guilty, but did state, in
answer to the judge of the court, facts showing that he had not
committed the crime. The return of the warden of the prison,
where the prisoner was detained, showed that the prisoner was
committed to one of the State prisons for a term of thirty years,
pursuant to a judgment of conviction of the Court of General
Sessions of the Peace, of the city and county of New York; an-
nexing a copy of the commitment. A traverse was made to the
return by the relator and not by the prisoner, as the statute re-
quires (Code Civ. Pro. sec. 2039); which, by various allega-
tions, denied the validity of the commitment and the jurisdic-
tion of the judge to sign the commitment, or to pronounce the
judgment. Upon the matter coming on to be heard, the indict-
ment, an extract from the clerk's minutes of the proceedings
had in court thereon and a copy of the stenographer's minutes
of the proceedings were read in evidence. The indictment
charged Brandt, in three counts, with the crimes of burglary in
the first degree, of grand larceny in the first degree and of crim-
inally receiving stolen property. He appeared in court on
March 25th, 1907, to plead to the indictment and entered a
plea of "not guilty." On March 28th, 1907, he was arraigned
in court and, by leave, withdrew his plea of not guilty and

pleaded guilty of burglary in the first degree. He was then examined by the court, at some length, as to his nationality, his age and his acts in Mr. Schiff's house, where the crime was committed. An adjournment being had to April 4th, 1907, the prisoner was arraigned for sentence and judgment was entered committing him to the State prison, at hard labor, for the term of thirty years. There was no motion in arrest of judgment; nor was there an appeal. Upon the indictment was indorsed the appearance of C. A. Bayles, as counsel appearing for the prisoner. Carl Fischer Hansen, an attorney, appeared for him on April 4th, when arraigned in court for sentence, and argued for clemency. From an affidavit made by Hansen, it appears that he had been requested by the trial judge to ask Brandt if he understood the nature of the proceeding and that he, Brandt, said he did. It was not alleged by the relator that the court had not jurisdiction to try Brandt for the crime, with which he was charged, and to impose sentence upon conviction, or upon a plea of guilty. It was, therefore, clearly the duty of the judge at Special Terms, upon the record, to dismiss the writ, upon which the prisoner was brought before him, when it was shown that he was held by virtue of the final judgment of a court of competent jurisdiction.

An argument is, curiously, sought to be made that, although the prisoner pleaded guilty and although his plea was not withdrawn, the facts appearing upon his examination before sentence "indicated" that he was not guilty of the crime. But the only fact with which the court below was concerned was that of the jurisdiction, that is to say, the power, of the tribunal, before which Brandt was arraigned, to sentence him. It was not concerned with questions relating to the regularity of the proceedings, or to the sufficiency of the facts to establish his guilt, or to the severity of the sentence. The question was not about his guilt; it was about the authority to pronounce the judgment. The record produced showed that he had withdrawn his plea

of not guilty and had pleaded guilty, and continued to stand at the bar of the court upon that plea. That was as effective, as if there had been a conviction by the verdict of a jury and, if not withdrawn, required the court to pronounce judgment. The statute provides for three pleas to be made to an indictment, to wit: guilty, not guilty, or a former judgment of conviction, or acquittal, and that a conviction may be had upon a plea of guilty, except where the crime charged is punishable by death. It provides that every plea must be oral and must be entered upon the minutes of the court. (Code. Crim. Pro., secs. 332, 333.)

It is argued by the appellant that the facts, disclosed by Brandt's statements, made when arraigned, showed that the crime charged and confessed to was not made out. The trial judge, however, had the right to doubt the prisoner's statements of how he came to enter Schiff's house and of his intentions towards Schiff; by which statements he hoped to palliate his offense, after confessing to the indictment. Having received the plea of guilty, the further examination before sentence bore not upon the question of guilt, but upon the severity of the judgment to be rendered. Certainly, no application was made to withdraw his plea of guilty to the charge of burglary in the first degree and his counsel, simply, asked for clemency. If there was no breaking into the house, to constitute the crime, then was the time for the prisoner to change his plea.

The summary remedy of a writ of habeas corpus, which is open to every person detained in custody, that the legality of his detention may be inquired into, cannot perform the functions of an appeal from the judgment of conviction. The court, before which a prisoner is brought under the writ, will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment, the writ must be dismissed. In People ex rel. Danziger v. P. E. House of Mercy (128 N. Y. 180), it was held that in habeas corpus proceedings the only

inquiry is whether the magistrate " had authority to pronounce a judgment of imprisonment for the cause assigned " and that, " if this has been shown, the statute forbids the judge to review the decision of such a magistrate." (Citing People ex rel. Tweed v. Liscomb, 60 N. Y. 559.) The general principles governing the inquiry, in such proceedings, into the question of jurisdiction are well settled and familiar. Quite recently, in People ex rel. Scharff v. Frost (198 N. Y. 110, 24 N. Y. Crim. 388), they were stated, pertinently, by Judge Vann; whose dissent in that case was not based on any disagreement with those principles. The defendant there had pleaded guilty to an indictment charging him with the crime of seduction under promise of marriage and subsequently, and before sentence, he married the woman. Section 285, of the Penal Code provides that such subsequent. intermarriage of the parties is a bar to a prosecution and the dissent was based on the proposition that the right, or jurisdiction, of the court to proceed further and to pronounce any sentence was destroyed. The difference in opinion was over the right to relief by habeas corpus proceedings; which the prevailing opinion held inapplicable to the case. Judge Vann stated the principles, upon which this relief proceeded under the authorities. He stated that " the presumption in favor of jurisdiction, being one of fact, may be rebutted, although when jurisdiction depends on the existence of a certain fact and the court has found the fact, the fact stands until reversed upon direct review." " Want of jurisdiction," he says, " means want of legal power to act and " (quoting from People ex rel. Tweed v. Liscomb, 60 N. Y. at p. 571), " if there was no legal power to render the judgment, or decree, or issue the process, there was no competent court, and consequently no judgment, or process." In this case, it is not claimed that " legal power " was lacking in the tribunal to render the judgment against Brandt. The complaint of his " next friend," about the matter, is that

his statements, upon examination before sentence was pro-
nounced, were such as to negative his plea of guilty of burglary
in the first degree and, for that reason, the court had lost juris-
diction to pronounce judgment of conviction thereof.   There
seems to be a misapprehension of the office of the writ of habeas
corpus.   As it was said in People ex rel. Tweed v. Liscomb
(supra, p. 570), the writ "prohibits the review of the decision
of a court of competent jurisdiction.   *   *   *   If the judg-
ment is merely erroneous, the court having given a wrong judg-
ment when it had jurisdiction, the party aggrieved can only
have relief by writ of error, or other process of review."   Upon
the record, which came before the court in this proceeding, and
upon the facts shown by the papers, the writ should have been
dismissed; for it then appeared that the judgment, by which
the prisoner was detained, had been rendered by a competent
tribunal of criminal jurisdiction.

A question is sought to be raised by the appellant as to the
People's right to appeal to the Appellate Court from the final
order discharging the prisoner upon the writ.   The question
arises upon the provisions of section 2058 of the Code of Civil
Procedure, which reads: "An appeal may be taken from an
order refusing to grant a writ of habeas corpus, or a writ of
certiorari, as prescribed in this article, or from a final order,
made upon the return of such a writ, to discharge or remand
a prisoner, or to dismiss the proceedings.   When the final order
is made to discharge a prisoner, upon his giving bail, an ap-
peal therefrom may be taken, before bail is given; but where
the appeal is taken by the People, the discharge of the prisoner
upon bail shall not be stayed thereby.   An appeal does not lie,
from an order of the court or judge before which or whom the
writ is made returnable, except as prescribed in this section."
Mr. Justice Miller, speaking for the Appellate Division, cor-
rectly held, upon authority, that "the first sentence of this sec-
tion gives the unqualified right to appeal from a final order dis-

charging the prisoner. The succeeding sentence is permissive and was plainly intended to authorize an appeal before bail is given, where the discharge, instead of being absolute, is conditional, and to provide that in such case an appeal by the People should not stay the discharge of the prisoner upon giving bail."

I think that the order appealed from should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Order affirmed.