## PEOPLE v. GAGE.

### (Otsego County Court. June, 1914.)

1. HABEAS CORPUS (§ 85*) — HOLDING TO GRAND JURY — INSUFFICIENT EVIDENCE.

One held for action by the grand jury, on a charge of arson, should be discharged on habeas corpus on the ground of lack of jurisdiction, for insufficiency of the evidence, as raising only a suspicion, it being merely that his wife, whom some time before he had left with a threat to "get her" some time, was in the house, and that on the morning after the fire he was seen on a train, 35 or 40 miles from the place.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.*]

2. CRIMINAL LAW. (§ 211*)—PRELIMINARY AFFIDAVITS—INFORMATION AND BELIEF—SOURCE OF INFORMATION.

Affidavits on which a warrant of arrest issues, being on information and belief, must state the source of information.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 420–430, 431; Dec. Dig. § 211.*]

3. CRIMINAL LAW (§ 217*)—PRELIMINARY WARRANT—ISSUANCE.

City courts, in cities of the second and third classes, being, by Const. art. 17, § 6, clearly distinguished from courts of justices of the peace of towns, a justice of a township of such a city has no right to act as city judge at any time, and so is without jurisdiction in signing a warrant of arrest, acting as such judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 439; Dec. Dig. § 217.*]

Habeas corpus for discharge of George H. Gage. Discharged.

Orange L. Van Horne, Dist. Atty., of Cooperstown, for the People. John G. Johnson, of Oneonta (Amos Van Etten, of Kingston, of counsel), for defendant.

A. L. KELLOGG, J. This is an application for a writ of habeas corpus, praying for the discharge of the defendant, George H. Gage, who is charged with the commission of the crime of arson in the first degree, upon the ground that there was not sufficient evidence adduced in the city court, to warrant his being held for the action of the grand jury. It is also contended in behalf of the defendant that one or more of the affidavits upon which the warrant of arrest was granted were defective, in that the matters therein set forth were upon information and belief, and failed to state the source thereof, and that Fred A. Murdock, one of the justices of the peace in and for the town of Oneonta, who issued the warrant, was without jurisdiction to act as city judge.

It appears that several depositions were taken before Fred A. Murdock, one of the justices of the peace of Oneonta township, within the city, in John Doe proceedings, entitled in the City Court, for the purpose of ascertaining the identity of the person who was claimed by the people to have committed the crime of arson in the first degree in a certain dwelling house known as No. 2 Academy street, city of Oneonta, in which there were human beings at the time; that thereafter a warrant was issued by Justice Murdock, acting as city judge, for the arrest of the relator, Gage, who was thereafter apprehended thereon, and confined in Otsego County Jail where he is now awaiting the action of the grand jury. Gage, it seems, is a married man, and there had been domestic troubles between himself and his wife, who was residing at the time in the house where the fire is alleged to have taken place. He had left her, it is claimed, and before going threatened to "get her" some time, she says, or words to that effect; and it may be fairly inferred from all the circumstances that the husband had become jealous of the wife.

The only other evidence taken before the magistrate which in any way tended to connect the relator with the commission of the alleged crime of arson was given by one Lee Babcock, a Delaware & Hudson trainman, of the age of 19 years, who states that he saw Gage on his train the morning of the fire, between East Worcester and Richmondville stations, on the road mentioned, about 35 or 40 miles from Oneonta. Babcock states he had only seen Gage on one other occasion some eight months previous thereto. The fire took place about 1:30 o'clock a. m., and it is not contended that Gage was seen in Oneonta either before or after the fire, or at any recent time.

This case, therefore, presents a question of right upon a writ of habeas corpus, which is well-termed the greatest writ of the common law, because it assures and secures personal liberty by simple and direct process available to every citizen, and the value of which is not left to rest for security upon general and abstract declarations, but is a right which the courts are always zealous to assert cannot be abrogated or impaired by legislation.

[1] It may be conceded that the crime of arson is one of the most serious of all the crimes known to our criminal jurisprudence, but after a careful review of the evidence presented in the records before me, I am of the opinion that it simply tends to raise a suspicion only that the defendant may possibly have been guilty of the crime charged, but it does not connect him directly or indirectly with the commission of the crime set forth in the warrant. In all cases of habeas corpus, the court will look into the depositions and the testimony to ascertain as to whether or not a crime has been proven against the defendant, and as to whether there is probable cause to believe that he committed the crime; and, if there is not sufficient evidence as to the person who committed it, it is the duty of the court to discharge. People ex rel, Bungart v. Wells, 57 App. Div. 147, 68 N. Y. Supp. 59. If there was not sufficient evidence from which it might fairly be found that there was probable cause to believe the defendant committed the crime charged, then the court had not jurisdiction, and the reviewing court on the return of the writ may determine this question. People ex rel. Hubert

v. Kaiser, 206 N. Y. 46, 99 N. E. 195. It, therefore, follows, as a matter of law, that the city court was without jurisdiction to hold the defendant here for the grand jury. It is the duty of all courts and its officers to be diligent in the protection of the public from crime, and especially from the commission of the crime of arson, and the district attorney, in whom the court has every confidence, has been so diligent, but it is likewise an obligation resting upon the court to protect the individual in the enjoyment of his personal liberty, and to see to it that he is not unjustly or unlawfully deprived of the same, without due process of law.

[2, 3] I, therefore, conclude that the defendant must be discharged for the reason that the city court was acting without jurisdiction. The application is, in all respects, decided upon the merits. There are also other reasons why the defendant would have to be discharged. The informations upon which the warrant was issued are upon information and belief, and in each instance fail to state the source of information. The rule requiring affidavits which are upon information and belief to state the source thereof is indeed too elementary to require the citation of authorities. After a careful examination of the City Charter, I have reached the conclusion that Justice Murdock was without jurisdiction to sign the warrant, within the limits of the city of Oneonta. City courts in cities of the second and third class are clearly distinguished from courts of justices of the peace in towns, by article 17, section 6, of the Constitution, and are given separate and special statutory jurisdiction. Justice Murdock, therefore, had not the right to act as city judge of Oneonta at any time.

For the reasons stated, the defendant must be discharged from custody.

Ordered accordingly.