(91 Misc. Rep. 649)

PEOPLE v. PARSONS.

(Court of General Sessions, New York County. September, 1915.)

1. CRIMINAL LAW ⬤⟿258—PLEA OF GUILTY—JURISDICTION TO SET ASIDE.
    Where a sentence has been imposed on a plea of guilty in a Magistrate's Court, and executed in part, the magistrate cannot set aside the plea, reopen the case, or grant a new trial, although the plea was procured by fraud.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 545–561; Dec. Dig. ⬤⟿258.]

2. CRIMINAL LAW ⬤⟿260—APPEAL—JURISDICTION.
    The Court of General Sessions of the Peace of New York County has only such jurisdiction on appeal from a Magistrate's Court as is given it by statute, and cannot enlarge such jurisdiction, however erroneous the judgment of conviction sought to be reviewed.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⬤⟿260.]

3. CRIMINAL LAW ⬤⟿252—PLEA OF GUILTY—RECEPTION.
    While care must be exercised to ascertain that a plea of guilty is voluntary, yet where there are no circumstances tending to arouse suspicion that it is not voluntary, and the requirements of Inferior Courts Act (Laws 1910, c. 659) § 81, are observed, a plea of guilty, which is apparently voluntarily made by a defendant mentally competent to plead, is properly received.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 526–536; Dec. Dig. ⬤⟿252.]

4. CRIMINAL LAW ⬤⟿260—APPEAL—JUDGMENT—RETURN OF MAGISTRATE.
    Under Code Cr. Proc. §§ 749–772, which confer and define the appellate jurisdiction of the Court of General Sessions of the City and County of New York, an appeal from a judgment of conviction rendered in a Magistrate's Court must be heard on the return of the magistrate.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⬤⟿260.]

5. CRIMINAL LAW ⬤⟿260—APPEAL—JUDGMENT—AFFIDAVIT—RETURN OF MAGISTRATE.
    Since, in such case, the magistrate is required to make return of all matters stated in the affidavit on which the appeal is allowed, that affi-

davit, though not technically a part of the return, is to be considered on the appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⊜260.]

6. CRIMINAL LAW ⊜260—APPEAL—JUDGMENT—RETURN OF MAGISTRATE.

Such affidavit must, however, be one showing errors appearing on the face of the proceedings, or conviction, or commitment complained of, and not one setting forth extraneous matters to which the magistrate cannot make return; and hence affidavits setting forth matters extraneous to the record as grounds for appeal cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⊜260.]

Appeal from Magistrate's Court.

Raymond Parsons was convicted of disorderly conduct, and appeals. Affirmed.

Harry W. Mack and John B. Marshall, both of New York City, for appellant.

Charles Albert Perkins, Dist. Atty., of New York City (John M. Minton, Jr., Dep. Asst. Dist. Atty., of New York City, of counsel), for the People.

CRAIN, J. This is an appeal from a judgment of a Magistrate's Court convicting the defendant of disorderly conduct tending to a breach of the peace and from the sentence consequent upon such conviction. The complaint, which was sworn to, charged that the defendant, on June 20, 1915, in the building known as the monkey house, in Central Park, used threatening, abusive, and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned, and that the defendant did then and there annoy young girls by specified indecent acts.

On this complaint the defendant was arraigned for pleading. The charge was read to him. He was informed by the court of his right to an adjournment for the purpose of procuring counsel or witnesses, and that it was his privilege to communicate with relatives or friends by letter or telephone. In answer to the court the defendant stated that he did not wish to avail himself of such opportunity and that he was ready to proceed. In response to the court's question as to how he wished to plead, he said, "I am guilty," and under section 88, subdivision 3, of chapter 659 of the Laws of 1910, as amended (Laws 1913, c. 372, § 11), the magistrate sentenced the defendant to the workhouse on Blackwell's Island for a definite period of three months. He has been serving such sentence since on or about July 20, 1915.

Pursuant to the provisions of section 751 of the Code of Criminal Procedure, the defendant applied, on affidavits verified by himself and others, for the allowance of an appeal. On August 7, 1915, the defendant's application was granted, and his appeal allowed, and the magistrate rendering the judgment has made a return, to which return he has physically annexed the affidavits referred to.

The defendant by affidavit denies his guilt, and purports to state the circumstances under which he was placed under arrest. He states

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in substance that in the station house, and before arraignment for pleading, the arresting officer misrepresented to him the charge; that he denied to the arresting officer that he was guilty; that before pleading, and while incarcerated and mentally perturbed and disturbed, he was advised by the police officer to plead guilty, and told that, so pleading, the magistrate would suspend sentence and permit him to go home; and that, induced by the misrepresentation as to the charge, the duress of incarceration, the perturbed state of his mind, the advice of the officer as to how to plead, and in the belief that, so pleading, he would obtain release, he pleaded guilty.

The other affiants, men of repute and position, say that they know the defendant, and speak of him as of good character and repute, and in view of his good character and repute express the belief that he would not commit the offense charged.

In view of the defendant's youth, his apparently prior good character and repute, the gravity of the charge, and the absence of that inquiry into his guilt which would have followed a plea of not guilty, it would seem just to afford the defendant an opportunity to withdraw his plea and interpose a plea of not guilty, to proceed to trial and receive evidence both on the question of the defendant's guilt and the circumstances under which his plea of guilty was interposed. It is wrong that a judgment of conviction should stand if the convicted one is innocent, and particularly so if it is the outcome, as charged in this case, of a fraud perpetrated, not merely upon the defendant, but upon the court.

[1] After the imposition of sentence and its execution in whole or in part, a magistrate sentencing is without power to entertain an application to set aside a plea and for the interposition of a different plea, or, where a trial has been had, to reopen the case or receive new or additional evidence, or to award a new trial on the ground of newly discovered evidence. There is no proceeding that can be taken in the Magistrate's Court to vacate, or set aside, or modify, or reverse an executed judgment therein rendered, although it may have been produced by a fraud perpetrated upon the defendant, or the court, or both, or founded upon an error or misapprehension of fact or law, and, where the judgment of conviction is within the jurisdiction of the Magistrate's Court, no erroneous exercise of the jurisdiction can be corrected by habeas corpus, and instances are conceivable where a wrongful conviction cannot be perfectly atoned for by executive clemency.

[2] This court is the only court in the county of New York having in the first instance appellate jurisdiction in cases tried by city magistrates. Its jurisdiction upon appeal is restricted and statutory, and does not reach or cover every case in which the judgment of conviction in a popular sense may be wrongful. Because of the natural justice of entertaining the appellant's appeal and of awarding upon it a new trial, and because of the seeming absence or inadequacy of other remedy to right such wrong, as he may have suffered, this court should not be astute to deny review by appeal. It is powerless, however, to enlarge its jurisdiction.

The court allowed the appeal in this case with hesitancy, as it seemed probable that the assignments of error were aliunde the record. It was allowed, first, because the court could not determine with certainty whether this was so until a return upon an appeal was made; and, secondly, because it appeared wiser to determine the court's power to reverse a judgment and award a new trial on alleged errors not appearing on the face of the record upon the argument of an appeal rather than upon a mere application for the allowance of an appeal.

So far as ascertained, this is the first case in which this court has been asked to reverse a judgment and grant a new trial on a record in the court below which concededly discloses no error. Whichever way decided, the case becomes a precedent, and if it is held that an appeal lies to this court in cases where a judgment of conviction has been preceded by a plea of guilty because of an alleged fraud not disclosed by the record perpetrated upon either the defendant or the court below, or both, it is more than likely that many nonmeritorious applications for new trials on varying allegations of duress and imposition may be made to this court.

[3] Care must be exercised by the court in which a defendant is arraigned to ascertain that a plea of guilty is voluntary. If there is no circumstance calculated to arouse suspicion that it is not, and the requirements of section 81 of the Inferior Courts Act are observed, a plea of guilty, seemingly voluntarily made by a defendant mentally competent to plead, is properly received. The affidavits on the application for the allowance of the appeal, as well as the magistrate's return, indicate that the defendant is an American by birth and a young man of education and intelligence. His language is English. The complaint against him is in plain terms. It was read to him. He did not plead guilty until it was read. It corrected any misrepresentation which may have been made to him respecting the nature of the charge. It corrected any such misrepresentation before he was called upon to act. No circumstance appears which should have induced the magistrate to believe, or even suspect, that the plea of guilty was involuntary. Subsequently to its reception no circumstance was brought to the attention of the court impeaching either the mental competency of the pleading defendant or the voluntary character of the plea. Under such circumstances a judgment of conviction automatically follows where sentence is not suspended.

[4-6] A careful reading of the sections of the Code of Criminal Procedure (part 5, title 3, §§ 749–772) which confer and define the appellate jurisdiction of this court leads to the conclusion that the appeal is to be heard upon the return. Inasmuch as the magistrate is required to make return to all the matters stated in the affidavit upon which the appeal is allowed, that affidavit, although not forming technically a part of the return, is to be considered upon the appeal. The affidavit contemplated is, however, one showing errors appearing upon the face of the proceedings, or conviction, or commitment complained of, and not one setting forth extraneous matter, to which the magistrate in the nature of things cannot make return; and affidavits on applications for the allowance of appeals purporting to set forth mat-

ters extraneous to the record as grounds of appeal are improperly received and cannot be considered, and this court cannot rightfully reverse where the record, including the affidavit upon which the appeal is allowed and the magistrate's return to it, does not disclose upon its face an erroneous decision or determination of law or fact upon the trial, or a sentence which should be modified.

The Court of Appeals do not discuss in their opinion in the Brandt Case, cited by counsel for the appellant (People ex rel. Hubert v. Kaiser, 206 N. Y. 46, 99 N. E. 195), whether a defendant can review by appeal a judgment of conviction entered upon a plea of guilty. The opinion is mainly confined to a statement of why a writ of habeas corpus cannot perform the functions of an appeal from a judgment of conviction. If appeal would have been an available remedy in the Brandt Case, it would have been on the theory that error was predicable on the face of the record in the non-setting aside of the plea before sentence because of statements made by Brandt at the time of arraignment for sentence inconsistent with the confession imported by the plea. If Brandt had appealed, the essential difference between his case and the one at bar would have been that in his case the alleged error giving ground for appeal would have appeared on the face of, and not aliunde, the record.

The law requires the affirmance of the judgment appealed from, and if the defendant is guilty, as has been adjudged, the sentence is not excessive and will not be modified. The appellant contends that relief can be afforded him under the writ of coram vobis, and under such civil cause of action as he may have against the arresting officer, and to such remedies he is remitted.

Judgment affirmed.