The judgment of conviction should be reversed and a new trial ordered.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Judgment of conviction of the County Court of Queens county reversed and a new trial ordered.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LILLIAN JAMES, Appellant, *v.* ETHAN A. NEVIN, as Superintendent of the State Custodial Asylum at Newark, New York, Respondent.

Fourth Department, May 5, 1920.

Incompetent persons — commitment of feeble-minded indigent infant — habeas corpus — no traverse to return raising issue of fact — inquiry limited to authority to make commitment — appeal — decision of officer making commitment cannot be reviewed — State Charities Law, sections 52 and 461, construed — when commitment without legal inquiry under section 52 proper – burden of proof to show cause for detention had ceased.

The inquiry before the Special Term on the return of a writ of habeas corpus to inquire into the detention of the relator's daughter who was committed by the deputy commissioner of charities of the city of New

York to the State Custodial Asylum at Newark, N. Y., as a feeble-minded indigent person, was limited to the question whether the said deputy commissioner had authority to make the commitment in the manner adopted, as the traverse to the return on the writ raised no issue of fact.

The deputy commissioner of charities had authority by the express terms of section 52 of the State Charities Law to make the commitment and, having such authority, his decision cannot be reviewed.

Section 52 of the State Charities Law was not repealed by section 461 of that law, but the two sections provide two methods of commitment which are not inconsistent and run concurrently.

The relator was an infant when committed and was found to be in indigent circumstances, and the commissioner of charities was not obliged to wait the tedious process of a legal inquiry provided by section 461 of the State Charities Law before caring for her but had the right to commit her under the authority of section 52.

The relator having been properly committed the burden was on her to show on the return of the writ circumstances which would establish that she should not be longer detained.

APPEAL by the relator, Lillian James, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 13th day of September, 1919, dismissing the writ of habeas corpus sued out on behalf of the relator on the 2d day of June, 1919.

*Grace Humiston* [*Louis S. Posner* of counsel], for the appellant.

*Charles D. Newton,* Attorney-General [*Edward G. Griffin, Deputy Attorney-General,* of counsel], for the respondent.

CLARK, J.:

The relator was committed to the State Custodial Asylum at Newark, N. Y., by the deputy commissioner of charities of the city of New York on the 20th day of December, 1917. He signed the commitment as " Deputy Commissioner, Supt. of the Poor for New York County," but no question is raised as to the official position of William J. Doherty, who signed the commitment, and it will be presumed that he was qualified to act in the place of his superior. (*People ex rel. Morse* v. *Travis,* 224 N. Y. 625.)

The commitment recites that " said Lillian James is a

feeble-minded person " and " is in indigent circumstances, and, as near as can be ascertained, of the age of 18 years."

Relator's mother sued out a writ of habeas corpus in December, 1918, charging that her daughter had been illegally committed to the Newark institution.

The return to the writ set forth the fact that the relator was detained in pursuance of a commitment made by William J. Doherty, deputy commissioner of charities of the city of New York. No traverse to the return was filed until after the hearing, but with her brief filed later, counsel for relator did submit a traverse, but it raised no issue of fact, so the inquiry before the Special Term was simply whether or not the deputy commissioner of charities of the city of New York had authority to make the commitment in the manner adopted in this case.

He unquestionably did have such authority by the express terms of section 52 of the State Charities Law (as added by Laws of 1911, chap. 843), and when he had such authority his decision cannot be reviewed here. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46.)

Appellant's contention that section 461 of the State Charities Law (as added by Laws of 1914, chap. 361)* repeals section 52, is without merit. It does not attempt to repeal it in express terms, and does not repeal it by implication. The statutes are not inconsistent. One method of commitment is afforded by section 52 of the State Charities Law, and another method is afforded by section 461, and they run concurrently.

The State is vitally interested in seeing to it that indigent persons are properly cared for. This young woman was an infant when committed, and was found to be in indigent circumstances, and the commissioner of charities of the city of New York, where she was found, was not obliged to wait the tedious process of a legal inquiry before seeing to it that she was properly cared for. (State Charities Law, § 52; *People ex rel. Horton* v. *Fuller*, 41 App. Div. 404.)

That being so, on the return of this writ, no issue of fact being raised by the traverse, it was the clear duty of the

---

* Since repealed by Mental Deficiency Law, § 39. See Mental Deficiency Law, § 23 *et seq.*— [REP.

Special Term to dismiss the writ. Relator having been properly committed, the burden did not rest on respondent to offer proof that she was still in indigent circumstances in order to detain her.

If her circumstances had changed, or her mother was able to care for her, it was incumbent upon her to offer some proof to that effect on the return of the writ.

Respondent can stand on the commitment, it having been issued by an officer authorized to do so, and he should not be compelled to surrender on demand a party who had been lawfully committed to his charge.

If relator is not now indigent or feeble minded, she can easily offer proofs of these facts in another proceeding for her release. She having failed to raise any issue of fact by her so-called traverse to the return, the disposition of the matter in the court below was proper. (*Ex parte Dean,* 161 N. Y. Supp. 482; *People ex rel. Horton* v. *Fuller,* 41 App. Div. 404.)

The order should be affirmed, with costs.

All concur.

Order affirmed.

