Common Pleas Court of Cuyahoga County.

## IN RE MIKE BONANNO.

Decided April 1, 1931.

WALTHER, J.

On March 16th, 1931, the relator filed his petition in this Court, praying for a writ of *habeas corpus,* and on March 25, 1931, after a hearing, the Court found in favor of the relator and granted the prayer of his petition. Upon the trial the relator claimed that he was unlawfully restrained of his liberty by Stephen G. Walsh as

the Superintendent of the Workhouse of the City of Cleveland, to which institution he had been sentenced by the Municipal Court of Cleveland upon his conviction of the charge of neglecting his minor child, it being the claim of the relator that the Municipal Court had no authority to impose the sentence that he be imprisoned in the Workhouse, and that in the event of a sentence of imprisonment upon such charge the judgment and sentence should have been imprisonment in the County Jail instead of imprisonment in the Workhouse.

It is the claim of the relator that in the event of the sentence of imprisonment the provisions of Section 12370, General Code, govern, which section provides:

"In the interpretation of part fourth the word 'imprisoned' where the context does not otherwise require, means imprisoned in the county jail if the maximum term prescribed for the offense is one year, and imprisonment in the penitentiary if the maximum term prescribed for the offense is longer than one year."

It is claimed by the respondent that the provisions of Section 12370 do not govern, but that the provisions of Section 4128, General Code apply, which section reads ·

"When a person over 16 years of age is convicted of an offense under the law of the state or an ordinance of a municipal corporation, and the tribunal before which the conviction is had is authorized by law to commit the offender to the county jail or corporation prison, the court may sentence the offender to the workhouse if there is such house in the county."

To the claim of the relator the respondent contends that this court has no authority to determine the claim of the relator as to the right of the municipal court to sentence him to the workhouse, for the reason that the most that can be claimed by the relator is that the sentence imposed by the municipal court was a *voidable sentence* instead of a *void* sentence, and was therefore an erroneous one, and that the relator's remedy is confined to the prosecution of proceedings in error to the judgment and sentence of the municipal court rather than to the prosecution of a petition in habeas corpus; the respondent contends further that the imprisonment of the relator in the workhouse is a

legal imprisonment and that the municipal court had the right to sentence him to the workhouse.

At the original hearing the respondent did not press the claim that the question raised by the relator could not be determined by habeas corpus proceedings and that the same could be determined only by proceedings in error to the judgment and sentence of the municipal court, but upon re-hearing of this matter the respondent contended most vigorously in support of that claim, and therefore, in the event that this contention be sustained the question as to the right of the municipal court to sentence the relator to the workhouse would not be before the court in this case, and this court in that event would have no authority to adjudicate that question.

Section 12165 of the General Code reads as follows:

"12165. When Writ Not Allowed.—If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed."

The question then arises as to whether or not the relator is restrained of his liberty and in the custody of an officer under process issued by a court or magistrate or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order.

In the case of *In re Terrell*, 144 Fed., 616, 75 C. C. A., 418, it is held:

"In determining whether or not the prisoner is confined by due process of law, this Court is limited by the decisions of the Supreme Court to the consideration of the two questions: Had the court that convicted the prisoner jurisdiction of the offense and of the prisoner, and did it act within its jurisdiction? And, second, is he now held by authority of law derived from that court?"

29 Corpus Juris, 49, 55, citing *People* v. *Kaiser*, 206 N. Y., 46, 99 N. E., 195, contains the following statement as to the law:

"The discretion of the Court in imposing a sentence within the statutory limits cannot be reviewed or controlled on habeas corpus."

In the case of *In re Whallon,* 6 Ohio App. Reports, 80, paragraph 4 of the syllabus reads:

"If the Court has jurisdiction of a cause and proceeds irregularly or in an erroneous manner, the remedy is not habeas corpus, but proceedings in error."

In *State* v. *DeMuth,* 96 Ohio St., 519, the Supreme Court of Ohio, in its opinion on page 528, says:

"It is well settled that if a court has sentenced a person for an offense over which by law it had no jurisdiction whatever, the imprisonment following such sentence would be unlawful and such persons would be entitled to be discharged on habeas corpus. But habeas corpus is not the proper mode of redress where the relator has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. If errors or irregularities have occurred in the proceeding or sentence a writ of error is the proper proceeding."

In *Ex parte Pharr,* 10 Ohio App., 395, the first paragraph of the syllabus reads:

"Proceedings in habeas corpus will not be allowed to take the place of proceedings in error. If a judgment in a criminal case is erroneous, but not absolutely void, it cannot be collaterally attacked."

On page 399 the Court quotes with approval the following: *In re Fredrich,* 149 U. S., 70:

"Habeas Corpus proceeding is a collateral attack of a civil nature to impeach the validity of a judgment or sentence of another court in a criminal proceeding, and it should, therefore, be limited to cases in which the judgment or sentence attacked is clearly void by reason of its having been rendered without jurisdiction or by reason of the Court's having exceeded its jurisdiction in the premises."

*Thomas* v. *Cowdrey,* 13 Ohio App. 59, holds:

"A writ of habeas corpus will not be allowed in a case where the petitioner is held under a judgment which is

merely voidable. Habeas corpus is an appropriate remedy only in cases where the judgment is void."

And on page 62, the Court says:

"From a consideration of the authorities cited we are of opinion, that, where the complainant is detained under a sentence which has been imposed by a Court, a writ of habeas corpus cannot be allowed unless there is an absolute want of jurisdiction upon the part of the Court imposing such sentence.

"For errors or irregularities which may have occurred in the proceedings, in a Court having jurisdiction, the law provides a remedy for the correction of such errors or irregularities by a proceeding in error, not by a proceeding in habeas corpus."

In *Bly* v. *Smith*, Sheriff, 94 O. S., 110 on page 113, Judge Wannamaker, speaking for the Court, states:

"Plaintiff in error now seeks to attack that judgment by an action of habeas corpus. This is a collateral attack on the judgemnt, pure and simple, and courts have held again and again that this cannot be done in a habeas corpus proceeding, providing the court had jurisdiction of the case."

*In Re Allen*, 91 O. S. 315, Judge Newman of the Supreme Court, at page 325, used the following language:

"The trial court in the instant case had jurisdiction of the person of the petitioner. It had jurisdiction to try him for the offense charged and to sentence him to a term in the penitentiary under Section 12672. Instead there was an indeterminate sentence imposed of which the petitioner complains. If this were erroneous the error committed by the court related to the sentence and punishment only and was not a jurisdictional one. The court merely entered and enforced a wrong judgment. Admitting then, for the purpose of this case, that there was no authority to impose the sentence, either by reason of the repeal of the indeterminate sentence law, or its unconstitutionality, the punishment inflicted was erroneous and voidable but not void. The sentence and punishment could have been corrected in a proceeding in error challenging the judgment of the court. The petitioner had ample opportunity to avail himself of the objections as to the sentence which he attempts to make

here. A habeas corpus proceeding cannot perform the functions of a writ of error."

*In Re Poage,* 87 O. S., 72, the second syllabus reads:

"Where it appears upon the hearing of a petition for writ of habeas corpus that an affidavit has been filed and indictment returned in a court having jurisdiction charging the petitioner with an offense against the law of this State, the Court upon such hearing will not inquire into the guilt or innocence of the accused, but if it appear that the Court issuing the capias or order of arrest has jurisdiction of the offense charged it will remand him to the custody of the officer of that Court."

In *Ex-parte Shaw,* 7 O. S. 81, we find:

"A habeas corpus cannot be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdiction. Imprisonment under a sentence cannot be unlawful, unless the sentence is an absolute nullity. If clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus. If voidable a writ of error is the appropriate remedy."

And the Court, in its opinion, says:

"It is said to be the practice in some parts of this state to use the writ of habeas corpus as a short and summary mode of reviewing as upon a writ of error and annulling the sentences of courts. If this be so, it is an abuse of the writ of habeas corpus which cannot be too soon corrected."

*Ex-parte Joseph Von Hagen,* 25 O. S., 426 holds.

"Habeas Corpus is not the proper mode of redress where relator has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. If errors or irregularities have occurred in the proceedings, a writ of error is the proper remedy."

Many other authorities could be cited of holding that the remedy for an erroneous sentence is not by way of habeas corpus but by proceedings in error, and there has not been cited any authority which holds differently.

It is urged by the relator that he was in fact charged

with the commission of a felony and not a misdemeanor, that the charge made against him in the affidavit called for punishment in the penitentiary, and that the municipal court sat as an examining court and not as a court of final jurisdiction, and that the jurisdiction of the municipal court was to either bind the defendant over to the grand jury or to discharge him.

If this be the fact the sentence imposed by the municipal court was void as distinguished from voidable, and where the sentence is void habeas corpus proceedings will be permitted.

Section 12970, G. C. the misdemeanor section, uses the language: Whoever unlawfully or negligently "fails to furnish necessary and proper food", etc., and Section 13008 G. C., the felony section, prescribes a penalty for a person who "neglects or refuses to provide," and a careful analysis of these two sections forces the conclusion that a person who is merely indifferent to his responsibilities and duties by failing to furnish his child with necessary and proper food and clothing and shelter is guilty under 12970 G. C., the misdemeanor section, but the legislature by enacting 13008 G. C. considered the refusing or declining to provide for one's children after a request or demand to do so or where there was a conscious responsibility or known duty so to do, a more aggravated offense, and made such refusal, as distinguished from failure, a felony instead of a misdemeanor.

The original affidavit in this case charged that the defendant did "fail to furnish necessary and proper food" etc., and did not charge the defendant with the "refusal to provide," or, in other words, the affidavit in this case charged the offense in the language of the misdemeanor Section 12970, General Code.

The Court's attention has been called by the relator to *In Re Armstrong* 28 Ohio App. page 66, in which the Court of Appeals of Hamilton County on November 28th, 1927, held that where a defendant is charged with the refusal to provide, in view of Section 13008-1 General Code he was charged with a felony under 13008 General Code and not a misdemeanor under 12970 General Code making void the municipal court's judgment sentencing

such father to the county jail for non-support, such court's power being limited to holding him to the grand jury.

Against this case the respondent cites *State of Ohio* v. *John Bone,* decided by the Court of Appeals of Hamilton County on February 7th, 1916, and found in 25 Ohio Court Reports, N. S. 447, in which it is held:

"That for failure to provide the father could have been prosecuted under either Section 12970, (the misdemeanor section) or Section 13008 (the felony section) but prosecution under the latter section could not be had in the municipal court."

A motion for an order directing the Court of Appeals to certify its records in this case was overruled by the Supreme Court April 25th, 1916, and while the Supreme Court did not render a decision approving the rule laid down in this case, the Supreme Court did not disapprove such rule, and this case having been brought to the attention of the Supreme Court while the Armstrong case was not brought to the attention of the Supreme Court, it would seem that the *Bone* case is better authority than the *Armstrong* case.

A careful reading of the affidavit filed in this case compels the conclusion that the defendant was charged with a misdemeanor under Section 12970 and not with a felony under 13008.

However, in the event that there be any doubt as to whether the relator was charged with misdemeanor or with a felony, we must consider Section 13433-3 General Code, which provides:

"The court or magistrate shall change the charge from felony to misdemeanor, or from misdemeanor to felony, in accordance with the facts and the evidence, and proceed in such case according to law. The court or magistrate shall enter on the docket or minutes the reason for changing such charge."

By virtue of this provision the municipal court had the authority to reduce the charge from that of a felony to a misdemeanor. An examination of the record in the proceedings had before the municipal court fails to dis-

close that the charge was reduced from felony to a misdemeanor but that the relator was sentenced as for the commission of a misdemeanor.

In *Bly* v. *Smith, Sheriff, supra,* in paragraph 2 of the syllabus, the Supreme Court lays down the following rule:

"2. A judgment which a court has jurisdiction to render presumes a finding by the Court of all things necessary and sufficient to support such judgment, in the absence of a record to the contrary."

This court must therefore presume that the municipal court acted in accordance with the facts and the evidence before it and proceeded in such case according to law, and that the municipal court made a finding from the evidence of all things necessary and sufficient to support its judgment that the defendant was guilty of a misdemeanor and not a felony, as it had the right to do under Section 13433-3 General Code, and this conclusion is compelled by the language of the Supreme Court in *Bly* v. *Smith,* where it is held, in the first syllabus:

"1. A judgment in an action for alimony, or a judgment finding a party guilty of contempt for failure to comply with the order of the Court in such judgment for alimony, cannot be collaterally attacked in a proceeding in habeas corpus."

In the consideration of the question herein involved we must keep in mind the language of Section 12165 General Code which provides that "if it appears that the person * * * is in custody * * * under process issued by a court * * * or by virtue of a judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, the writ shall not be allowed." In other words, did the municipal court have jurisdiction of the person of the relator and of the offense, (and this court is compelled to assume that the charge was reduced to a misdemeanor) charged against him, and did the court have a right to impose a sentence of imprisonment? If the municipal court had jurisdiction over the person of the relator and of the

offense and to impose a sentence of imprisonment, the fact that the municipal court ordered the relator imprisoned in the workhouse instead of in the county jail would not permit the successful prosecution of a petition in habeas corpus, and if the defendant in such case claims that such sentence was an improper one, his remedy was to prosecute error proceedings from such judgment and sentence. This conclusion is required by *Ex-parte Max*, 44 Cal. 579, in which case Max petitioned to be discharged of habeas corpus proceedings because he was sentenced as for conviction of a felony when he was convicted for a misdemeanor merely. He contended that the judgment was absolutely void and conferred no authority to the Warden to detain him. The Court says:

"We are of the opinion, however, that the position cannot be maintained. The indictment upon which judgment is founded is sufficient in all respects. The offense of the prisoner so convicted was one within the scope of the indictment, and the judgment was one which the county court had authority to render upon the appearance and plea of the petitioner. These conditions constitute jurisdiction; all others involve questions of mere error, and the latter can not be inquired into on writ of habeas corpus but only proceedings in error."

In view of the foregoing, the Court is of the opinion that this Court is without jurisdiction to grant to the relator the discharge from custody which he seeks through his petition in habeas corpus, and the Court being without authority in this matter the question as to whether or not the relator should have been sentenced to the county jail or to the workhouse is not properly before this court, and this court is not passing upon that question.

The entry of March 25, 1931 is therefore vacated, the prayer of the petition herein is denied and said petition is dismissed, and the relator is ordered remanded into the custody of the respondent.

The entry will be: "April 1, 1931; re-hearing had, entry of March 25, 1931 vacated, prayer of petition denied, petition dismissed, relator remanded into custody of respondent, attachment ordered to issue for the relator in conformity with this entry. Relator excepts."