THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD ROSEN, Respondent, v. THE WARDEN OF THE CITY PRISON, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, January 15, 1932.

*LeRoy Mandle* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

No one appearing for the respondent.

MARTIN, J.   The relator, Edward Rosen, was arrested on October 21, 1931, at four-forty-five P. M. in room 26 of premises No. 203 West Fifty-fourth street, city of New York.   He was charged with the crime of betting and bookmaking in violation of section 986 of the Penal Law, and upon arraignment pleaded not guilty.

At the hearing in the Magistrates' Court, the police officer who made the arrest testified that when he entered the room in question he saw the relator seated at a table and that he had in front of him two racing sheets, two scratch sheets and two other

sheets of paper upon which were written the names of race horses entered in races to be run that day, and also the names of bettors with their respective bets. The officer testified that he questioned the relator and asked him how long he had been bookmaking, to which relator replied, " This was the first day." At the time of the arrest there were standing in the room four other men. The relator was the only person seated at the table, upon which were the above described papers which were produced as exhibits at the hearing.

In the presence and hearing of the defendant the officer asked Nick Jargos, one of the men in the room, if he had played with the relator and he replied that he had placed a bet on a horse called " Sea Fox." That bet was recorded on one of the pieces of paper that was upon the table at which the relator was seated at the time of his arrest. One of the other men, Theodore Panos, stated to this same officer that he had placed a five-dollar bet on a horse named " Adsun." It was testified that all of these conversations were in the presence of the relator. The relator failed to take the stand at the hearing or to offer any evidence to contradict that submitted by the People, and waived examination. The magistrate held him for trial in the Court of Special Sessions.

We are confronted, therefore, with a record in which the defendant admitted to the police officer that he was a bookmaker; two of the players admitted that they had placed bets with him, and it was established that the sheets which were produced as exhibits were racing sheets used by bookmakers and had recorded thereon at least one of the bets referred to by Nick Jargos.

On this proof the defendant was shown to be guilty of bookmaking as defined both by the statute (Penal Law, § 986, as amd. by Laws of 1910, chap. 488) and in decisions construing the statute.

In *People* v. *Solomon* (174 App. Div. 144; affd., 221 N. Y. 502), in which bookmaking is described, it was held that where a man received several bets from unknown persons, the trial court was justified in finding him guilty of the crime of bookmaking.

Upon the return to a writ of habeas corpus, the sole inquiry to be made by the court issuing the writ is as to the jurisdiction of the court over the person and over the crime charged. If the court has jurisdiction of the person and the crime, then the writ must be dismissed for the matter of the sufficiency of the proof is for the trial court, which in this instance is the Court of Special Sessions. (*People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Hubert* v. *Kaiser*, 150 id. 541; affd., 206 N. Y. 46; *People ex rel. Price* v. *Hayes*, 151 App. Div. 561.)

A writ of habeas corpus is not a writ of review. Its sole purpose

is to relieve from unlawful imprisonment.   (*People ex rel. Hubert* v. *Kaiser, supra.*)

The order sustaining the relator's writ of habeas corpus should be reversed, the writ dismissed, and the relator remanded to the custody of the warden of the City Prison.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, the writ dismissed and prisoner remanded to the custody of the warden of the City Prison.