## TEREGNO v. SHATTUCK, Warden of State Prison.

### (District Court, D. Massachusetts. April 3, 1920.)

### No. 1832.

1. **Habeas corpus ⊕═45(2)—Guilt of person convicted in state court not reviewable in federal court.**

   The guilt or innocence of a person convicted of murder in a state court is not reviewable in a federal court on habeas corpus.

2. **Habeas corpus ⊕═45(3)—Federal court may interfere with criminal prosecution only for want of due process.**

   A federal court may interfere by habeas corpus on behalf of a person convicted of crime in the state courts only when the state proceedings are so defective or unfair as not to amount to due process of law.

3. **Habeas corpus ⊕═45(2)—Sufficiency of indictment in state court not reviewable in federal court.**

   The sufficiency of an indictment in a state court to support a judgment against defendant is a question on which the judgment of the state court having jurisdiction is conclusive, and cannot be reviewed on habeas corpus in the federal courts.

4. **Habeas corpus ⊕═45(3)—Prejudicial argument in state court not reviewable in federal court.**

   On habeas corpus by a person convicted of murder in a state court, the contention that counsel for another defendant was permitted to make an argument to the jury, improper and prejudicial to petitioner, presents no federal question, where petitioner was not individually discriminated against; such conduct not denying him equal protection, within meaning of the Fourteenth Amendment.

5. **Constitutional law ⊕═250—Prejudicial argument in criminal case did not deny equal protection of the laws.**

   That counsel for one of the defendants in a criminal case was permitted to address to the jury an argument claimed to be improper and

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prejudicial to another defendant did not deny him the equal protection of the laws, within the Fourteenth Amendment, where he was not treated differently from other persons similarly circumstanced or individually discriminated against.

**6. Habeas corpus ⚙═45(2)—Sufficiency of rescript in state court not reviewable in federal court.**

The sufficiency of the rescript from the State Supreme Judicial Court to the trial court is not a matter reviewable on habeas corpus proceedings in the federal courts, because of its claimed failure to state the reasons of the court for sustaining the admission of evidence.

Habeas corpus by Antonio Teregno against Elmer E. Shattuck, Warden of State Prison. Petition dismissed, and writ denied.

Frank M. Zottoli, of Boston, Mass., for petitioner.

MORTON, District Judge. This petition for habeas corpus was filed on April 2d; the petitioner being confined in the Massachusetts state prison at Charlestown, under sentence of death to be executed in the week beginning April 4th. Counsel for the petitioner was heard at length in open court on April 3d, after informal notice to the state authorities.

From the allegations of the petition and the statements of counsel for the petitioner, the facts as claimed by the petitioner appear to be as follows: He was indicted in the state courts of Massachusetts, jointly with another, for murder. A copy of the indictment is annexed to the petition. On this indictment he was tried by a jury, and was convicted of murder in the first degree. Motions addressed to the trial court to set aside the verdict upon various grounds were denied. The defendant prosecuted exceptions which were overruled by the Supreme Judicial Court of Massachusetts. Commonwealth v. Teregno, 124 N. E. 889. Thereafter the petitioner moved in arrest of judgment, that the allegations of the indictment were insufficient to justify a conviction of murder in the first degree. This motion was overruled by the trial court. The same question was then presented to the Supreme Judicial Court upon a petition for a writ of error, which was heard at some length and was denied by a single justice of that court. Application was then made to the governor for executive clemency, which has been refused.

The point raised by the motion in arrest of judgment and by the petition for a writ of error in the state courts is the one now principally relied on by the petitioner. What constitutes murder in the first degree is defined in the Massachusetts statutes. Rev. Laws, ch. 207, § 1. The indictment on which the petitioner has been convicted does not allege facts constituting first degree murder as so defined. It does, however, follow the statutory form. Rev. Laws, ch. 218, § 67. It alleges an intent to murder; "murder" being defined as "the killing of a human being with malice aforethought." Section 38.

The petitioner's contention, as stated by his counsel, is:

"What I do claim now is that the indictment does not conform to the statutory requirements or decisions of the commonwealth of Massachusetts, that we have exhausted every means within the commonwealth, and have no

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

recourse, but to the United States, and that we have accordingly been denied due process of law under the federal Constitution."

[1-3] With the question of the petitioner's guilt or innocence the federal courts have nothing to do; that is a matter for the state courts exclusively. The only ground for interference by the federal court—speaking with reference to the point under discussion—is that the state proceedings have been so defective or unfair as not to amount to "due process of law." No suggestion is made that the crime itself was not within the jurisdiction of the Massachusetts court, and it is plain that it was. The petitioner's contention is in effect that the language of the indictment is not sufficient to support the judgment against him. It has been repeatedly held that upon such a question the judgment of the state courts having jurisdiction is conclusive, and cannot be reviewed on habeas corpus in the federal courts.

"It is within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning: and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of habeas corpus. The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court, possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment, is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on habeas corpus, because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime." White, J., in Re Eckart, 166 U. S. 481, at pages 482, 483, 17 Sup. Ct. 638 [41 L. Ed. 1085].

"As to the 'due process of law' that is required by the Fourteenth Amendment, it is perfectly well settled that a criminal prosecution in the courts of a state, based upon a law not in itself repugnant to the federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the state, so long as it includes notice, and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense"—citing authorities. Pitney, J., Frank v. Mangum, 237 U. S. 309, 326, 35 Sup. Ct. 582, 586 (59 L. Ed. 969).

See, also, Brown v. New Jersey, 175 U. S. 172, 20 Sup. Ct. 77, 44 L. Ed. 119; Murphy v. Mass., 177 U. S. 155, 20 Sup. Ct. 639, 44 L. Ed. 711; Storti v. Mass., 183 U. S. 138, 22 Sup. Ct. 72, 46 L. Ed. 120.

[4, 5] The petitioner also contends that there were irregularities and unfairness in the trial, in that counsel for the other defendant were permitted to address to the jury an argument which was improper and prejudicial to the petitioner. This question was considered and passed upon by the Supreme Judicial Court of Massachusetts, and for the reasons already stated obviously presents no federal question. It is not alleged that the petitioner was treated differently from other persons similarly circumstanced, or was individually discrimi-

nated against. Upon the allegation of the petition and the statements of his counsel, it does not appear that he was denied "the equal protection of the laws" within the Fourteenth Amendment.

[6] The petitioner further contends that the rescript filed by the Supreme Judicial Court did not conform to the statutory requirements of Massachusetts with reference to such rescripts (Rev. Laws, ch. 156, § 11), because it failed to state the reasons of the court for sustaining the admission of certain evidence, further than to say that the evidence was "properly admitted." This also is plainly a matter on which the judgment of the state courts cannot be reviewed on habeas corpus proceedings by the federal courts.

Upon the allegations of the petition and upon the statements of petitioner's counsel, I am clearly of opinion that no case is presented for the issue of the writ. The petition is accordingly dismissed, and the writ denied.