### H. B. WILSON v. THE STATE.

No. 6980.  Decided June 21, 1922.

**Forgery—Check—Insufficiency of the Evidence.**

Where it did not appear, on appeal from a conviction of forgery that the forged instrument was transcribed in a statement of facts, or that the alleged check was introduced in evidence, the evidence was insufficient to support the conviction, and the judgment must be reversed and the cause remanded.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable Geo. E. Hosey.

• Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geo. W. Dayton,* and *Myres & Myres,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for forgery; punishment fixed at confinement in the penitentiary for a period of two years.

The instrument was a check drawn on the First National Bank of Wichita Falls in favor of H. S. Lattimore in the sum of five dollars, and purporting to bear the signature of H. B. Wells. Lattimore was requested by the appellant to cash his check for five dollars. Appellant represented himself to be an attorney of Wichita Falls, bearing the name of H. B. Wells. The evidence shows that all this was false and that Wells was a fictitious person. Other testimony was sufficient to identify the appellant as the maker and passer of the check.

There were instruments used for comparison apparently before the jury, and testimony of experts touching the handwriting of the check. So far as we have been able to discern, the forged instrument does not appear in the statement of facts. In this character of case, it seems to be imperative that, on appeal, it must be shown that the alleged forged instrument was in evidence. Inferentially this may appear, but directly it does not. The record is not different from that in the case of Bobbitt v. State, 59 Texas Crim. Rep., 315. In the absence of the forged instrument, the evidence is not sufficient to support the conviction, and the reversal of the judgment and the remanding of the cause for another trial becomes necessary, and this is ordered.

*Reversed and remanded.*