THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM BAILEY, Respondent, *v.* JOHN A. McCANN, as Warden of the Penitentiary of the County of New York, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, February 3, 1928.

**Habeas corpus — basis of writ — relator was tried and convicted in Court of Special Sessions upon charge of impersonating officer contrary to Penal Law, § 931, which is misdemeanor — habeas corpus lies only where court has absolutely no jurisdiction either of crime or of defendant — writ dismissed.**

A writ of habeas corpus, discharging the relator from custody, is dismissed, since it appears that the relator was convicted in a Court of Special Sessions, after a trial, of impersonating an officer, in violation of section 931 of the Penal Law, and that the court had jurisdiction of the crime and also of the relator.

A writ of habeas corpus does not lie on the sole ground that as matter of law the evidence was insufficient to convict, but it lies only where the court is absolutely without jurisdiction either of the crime or of the defendant. Habeas corpus does not lie for an erroneous exercise of jurisdiction.

APPEAL by The People of the State of New York from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of August, 1927.

*Felix C. Benvenga, Assistant District Attorney,* of counsel [*Thomas B. Dyett, Deputy Assistant District Attorney,* with him on the brief; *Joab H. Banton, District Attorney*], for the appellant.

*Sidney R. Lash,* for the respondent.

McAVOY, J.    The learned court at Special Term made an order sustaining a writ of habeas corpus and discharging this relator from custody. This writ was issued and sustained notwithstanding that relator was tried and convicted in the Court of Special Sessions upon the charge of a misdemeanor, that of personating an officer, in violation of section 931 of the Penal Law (as amd. by Laws of 1921, chap. 257). After conviction he was sentenced to the penitentiary and then sued out this writ. The warden of the penitentiary made return to the writ, setting forth as the cause of the relator's detention the final judgment of the Court of Special Sessions which had been rendered against him. The relator's contention was, that even though the testimony given at his trial were true, such testimony as a matter of law was insufficient to make out the crime charged or any other crime, and that the court was without jurisdiction of the defendant and he, therefore, was illegally detained.

30

First Department, February, 1928. [Vol. 222

The People argued that since it appeared that relator was detained by virtue of a judgment of a court of competent jurisdiction, the writ of habeas corpus did not lie, and that the relator's remedy was by appeal or motion for a new trial or in arrest of judgment.

We think that the writ of habeas corpus does not lie under the circumstances outlined. That which may be examined on the return of a writ of habeas corpus is whether jurisdiction of the person and of the crime charged was in the court pronouncing the judgment. There must be an entire absence of jurisdiction, that is, an issuance of a judgment or mandate detaining a prisoner which is wholly void and not merely an erroneous exercise of jurisdiction. All that jurisdiction connotes is power to hear and make a determination of the charge, and where there is no jurisdiction there is no power to act. If jurisdiction be erroneously exercised, this does not constitute a lack of jurisdiction. It merely renders the judgment possible of being reversed or avoided. It does not make the judgment a nullity. The Court of Special Sessions had jurisdiction to try the crime charged, it being that of a misdemeanor, and there is no contention that it had no jurisdiction of the person of relator, since he was tried after a plea of not guilty on information duly filed, and apparently from the record was personally present, although this would not be necessary under a charge amounting to a misdemeanor. The record indicates that defendant was convicted after a trial of this misdemeanor and it was adjudged that he be imprisoned in accordance with law. All that a court, before which a prisoner is brought under the writ of habeas corpus, may inquire into is the question of jurisdiction, and if it appears that the power existed to pronounce the judgment, the writ must be dismissed. Whether the decision is right or wrong is not a question on a return of a habeas corpus writ. The Court of Special Sessions had jurisdiction of the person and of the criminal offense committed in the county of New York, and, therefore, had jurisdiction to pass upon the form and sufficiency of the information filed and the sufficiency of proof, and to decide every other question that arose. These are familar principles but they seem to need reiteration.

The order sustaining the writ and discharging the relator should be reversed, the writ dismissed and the relator remanded to custody.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, the writ dismissed and the relator remanded to custody.