THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA PELTZ, Appellant, Respondent, *v.* SIDNEY BREWSTER, Warden of the Second District Prison of the City of New York, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.*

First Department, March 6, 1931.

* Revg. 139 Misc. 161.

*John McKim Minton, Jr.*, for the relator.

*Henry Epstein, First Assistant Attorney-General,* of counsel [*Robert P. Beyer, Deputy Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General*], as *amicus curiæ.*

*Felix C. Benvenga, Assistant District Attorney,* of counsel; *Thomas C. T. Crain, District Attorney,* for the appellant, The People of the State of New York, and the respondent Brewster, as warden.

SHERMAN, J. The court below held that the commitment of the relator was unlawful, but dismissed the writ of habeas corpus and remanded her to the custody of the sheriff with directions to proceed in accordance with section 227 of the State Charities Law, by taking relator before a city magistrate to be dealt with as though she had not been previously committed. The writ was sued out to procure relator's release from the State Reformatory for Women at Bedford to which she had been committed by a magistrate for an indeterminate period not to exceed three years under section 913-c of the Code of Criminal Procedure (added by Laws of 1923, chap. 868, as amd. by Laws of 1925, chap. 389).

Section 913-b of the Code of Criminal Procedure, as amended by chapter 389 of the Laws of 1925, requires the charge of waywardness to be " established upon competent evidence upon a hearing." The commitment indicates on its face that there was no hearing, and that no evidence was taken; it recites the charge as having been " established by the confession of the defendant on her plea of guilty."

The question presented on this appeal is of immediate public importance affecting a number of other young women held upon like commitments. The parties have asked that the court determine, upon the merits, the main question as to the validity of the commitment here. The district attorney's brief states: " We respectfully request the Court to pass upon the construction of the statutes involved — irrespective of whether the writ lies."

The information laid before the magistrate under section 913-a *et seq.* of the Code of Criminal Procedure was verified by the relator's father, and stated that relator was seventeen years of age, and

" has habitually associated with dissolute persons for the reason that on the 26th day of March, 1930, she left her home without the consent or approval of her father, then going to live with " a man in this city " where she perpetrated acts of sexual intercourse with him, although not married to him." It asked that she be adjudged a " wayward minor " pursuant to sections 913-a and 913-b of the Code of Criminal Procedure. Upon the so-called hearing before the magistrate, no witnesses were sworn or examined, and no testimony was taken. The commitment after reciting the charge as having been " duly established by the confession of the defendant on her plea of guilty," and relator as having been adjudged a " wayward minor " of seventeen years, and " not a fit subject for probation," committed her to the reformatory.

It is clear that this proceeding did not conform to the specific requirements of sections 913-a and 913-b of the Code of Criminal Procedure (added by Laws of 1923, chap. 868, as respectively amd. by Laws of 1929, chap. 106, and Laws of 1925, chap. 389).

Section 913-a provides: " Wayward minor. Any person between the ages of sixteen and twenty-one who either (1) is habitually addicted to the use of drugs or the intemperate use of intoxicating liquors, or (2) habitually associates with dissolute persons, or (3) is found of his or her own free will and knowledge in a house of prostitution or assignation or ill fame, or (4) habitually associates with thieves, prostitutes, pimps, or procurers or disorderly persons, or (5) is wilfully disobedient to the reasonable and lawful commands of parent, guardian or other custodian and is morally depraved or is in danger of becoming morally depraved may be deemed a wayward minor."

Apparently relator has been condemned under subdivision 5 of this section.

Section 913-b provides: " Person may be adjudged wayward minor; summons; warrant." " Such person, *where the charge is established upon competent evidence upon a hearing* may be so adjudged by any magistrate, other than a justice of the peace, where an information is laid before him on the complaint of a peace officer, parent, guardian, or other person standing in parental relation or being the next of kin, or by a representative of an incorporated society doing charitable or philanthropic work. Such magistrate may issue a summons and where such summons is not obeyed may issue a warrant for the appearance of any such wayward minor, in the same manner as provided by the Code of Criminal Procedure and such minors shall have all the rights secured by law to defendants in proceedings under this title."

It will be seen that there must be an actual hearing at which the charge can be established only " upon competent evidence."

That the Legislature intended to forbid the commitment under these sections, of an infant, unless there was such a hearing with competent proof of dereliction is manifest. The magistrate was charged with the duty of doing something more than merely asking the infant to plead. She was accused, not of crime, but of moral weakness and the State fostered the inquiry for the betterment of the infant whose steps might be directed along a better pathway. This conclusion is in harmony with that recently reached by the Second Department in *People ex rel. Deordio* v. *Palmer* (230 App. Div. 397).

The history of the enactment shows the care taken by the Legislature to prevent a commitment from issuing upon a confession merely.

In chapter 353 of the Laws of 1886, amending section 1466, subdivision 1, of the New York City Consolidation Act (Laws of 1882, chap. 410) (a forerunner of this statute), it was provided that the charge might be proved " by the confession of such female or by competent testimony." That enactment was before the Court of Appeals in *People ex rel. Danziger* v. *P. E. House of Mercy* (128 N. Y. 180), where a commitment upon a confession was upheld. Subsequently chapter 868 of the Laws of 1923 (the immediate predecessor of present sections 913-a and 913-b of the Code of Criminal Procedure) was enacted, and required the charge to be established " upon competent evidence upon a hearing." The words " by the confession of such female " were eliminated and have never been reincorporated into the statute. Though section 913-a was amended by chapter 389 of the Laws of 1924 and both these sections were further amended by chapter 389 of the Laws of 1925, the provision requiring that the charge must be established upon competent evidence upon a hearing was continued unaltered. Likewise when, in 1929, section 913-a was further amended to take its present form by the addition of the words, under subdivision 5, " is morally depraved," the procedural requirement of hearing and proof remained in the act.

Accordingly, no commitment can issue except after a hearing and upon competent evidence satisfying the court of the truth of the facts upon which the commitment must rest. Apparently the Legislature recognized the danger of allowing a child to be committed to an institution upon her mere confession. In many instances the charge is made by the parent, or other guardian or custodian of the minor. She may be confused or overawed or the procedure be unintelligible to her. She would in many cases have no one to advise with. Intrinsically the charge was not one to be met with a plea. Waywardness is not a crime, to be

punished, but a moral delinquency, to be corrected in the interest of the minor and of the State. No matter what position might be taken by the minor with respect to the information, the State commanded the magistrate to inquire into the facts and to that end a hearing must be accorded at which testimony must be taken.

It is contended that the so-called plea of guilty should be treated not as a plea but as a confession of facts sufficient to sustain the commitment, and accepted as proof in substitution for the competent evidence which should have been received upon a hearing. Where a plea of guilty to an indictment for grand larceny had been withdrawn by defendant, who was thereupon tried upon the indictment, and the fact that the plea had been entered and withdrawn was put in evidence, the court held that the plea, when regarded merely as a piece of evidence, comes within section 395 of the Code of Criminal Procedure and was insufficient to sustain a conviction without additional proof that the crime charged had been committed. (*People* v. *Steinmetz*, 240 N. Y. 411, 417.) If regarded as a confession and not as a plea, such confession would have required corroboration. *People* v. *Fitzgerald* (244 N. Y. 307, 313), where defendant had been held for delinquency without competent proof, evidences the judicial attitude in this State with respect to the protection that should be accorded to minors from summary deprivation of liberty.

Since the commitment under which relator was held was of no effect, she should have been given her liberty, unless section 227 of the State Charities Law required that she be remanded to the custody of the sheriff to be taken before a city magistrate in accordance with that section. But that section does not deal with an illegal commitment; it relates to a situation where the individual has been committed to the wrong institution, and provides merely a method for the correction of error. There is a clear difference between an improper commitment containing an error which may be corrected, and an illegal commitment, such as was made here, which was void. The relator was entitled to her freedom and should have been unconditionally released. (*People ex rel. Sabatino* v. *Jennings*, 246 N. Y. 258.)

The order appealed from should be reversed, the writ sustained and the relator discharged.

DOWLING, P. J., McAVOY and MARTIN, JJ., concur; O'MALLEY, J., dissents.

O'MALLEY, J. (dissenting). I dissent upon the ground that the writ of habeas corpus does not lie. The court had jurisdiction of

the person of the relator and of the offense charged. There was but an erroneous construction of the requirements of the statute. In such circumstances the law is well settled that the relator's only remedy is by way of appeal. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559, 570–574; *People ex rel. Danziger* v. *P. E. House of Mercy*, 128 id. 180, 185; *People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Smith* v. *Barr*, 223 id. 168.) I, therefore, vote for a reversal of the order and for a dismissal of the writ and for the remand of the relator to custody.

Order reversed, the writ sustained and the relator discharged.