THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JAMES COLTON, Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.■— Order dismissing writ of habeas corpus and remanding relator to the custody of the warden of Sing Sing Prison affirmed. No opinion. Young, Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: Petitioner, indicted for grand larceny in the first degree as a second offender, was found guilty of grand larceny in the second degree without any reference to a prior offense. The record of the County Court contains nothing to indicate that the court had any information, by examination under section 485-a of the Code of Criminal Procedure, or otherwise, that petitioner was a second offender. Therefore, there should have been an indeterminate sentence, instead of a definite sentence. It now appears, from proof other than that obtained from the County Court record of the trial, that petitioner was a second offender, having been found guilty of grand larceny in the second degree, and sentence suspended. The general rule is that a suspended sentence is not a conviction. (*People v. Fabian*, 192 N. Y. 443; *People ex rel. Marcley v. Lawes*, 254 id. 249.) Section 470-b of the Code of Criminal Procedure is an exception, and applies only to indictment

---

* Affd., 259 N. Y. —.

and conviction as a second offender. Petitioner was indicted as a second offender, but not convicted as such. That section has no application to proceedings under section 1943 of the Penal Law.■ (*People ex rel. Marcley* v. *Lawes, supra.*) Petitioner should be returned to the County Court for resentence to an indeterminate sentence.