THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN MARSHALL, Appellant, *v.* JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.

Third Department, May 6, 1932.

*John Marshall,* appellant, in person.

*John J. Bennett, Jr., Attorney-General* [*Leon Layden, Assistant Attorney-General,* of counsel] for the respondent.

McNAMEE, J. The relator is imprisoned at Great Meadow Prison under a determinate sentence of ten years, after conviction by the verdict of a jury of the crime of grand larceny in the first

degree, in the Court of General Sessions of the County of New York, on July 29, 1929. A writ of habeas corpus was granted and heard at Special Term, the writ was dismissed, and the relator remanded. The relator sought relief at Special Term and now seeks a review of the order made there on three grounds, viz.: *First*, the insufficiency of the indictment; *second*, the presence in the records of the trial court of two commitments, one purporting to show that the relator was a first offender at the time of sentence, and the other, that he was a second offender; and finally, that the judgment is illegal because a determinate sentence was imposed upon him as a second offender despite the fact that upon the earlier conviction for felony sentence was suspended.

There is no contention, nor any basis for contention, that the commitment which recites the prior conviction of the relator is void or even defective on its face. As to the first two grounds of the appeal, it is necessary to say only that the trial court had jurisdiction of the defendant and the crime alleged; and the correction of any errors or irregularities in the records or proceedings of the court below, or on the trial, should have been sought by application to that court, or by appeal from its judgment. Such relief is not available to the relator on a writ of habeas corpus. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Childs* v. *Knott*, 187 id. 604, 621.)

Under the third point the relator contends that the sentence is illegal for the reason that on his earlier conviction of felony sentence was suspended, and accordingly, the court should have regarded him as a first offender, and should have imposed sentence under section 2189 of the Penal Law. He insists that the case of *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249) should have guided the trial court. That case has no application here. In the *Marcley* case the defendant was erroneously sentenced to life imprisonment as a *fourth offender*, under section 1942 of the Penal Law, although upon two of the prior convictions sentence had been suspended. And in construing section 1942, and annulling the sentence, the Court of Appeals applied the common-law rule that when judgment and sentence, and, therefore, the direct consequences of the conviction, are postponed, the indirect consequences are likewise postponed; and accordingly, after recognizing the severity of the penalty inflicted by that section, it was held that before a defendant could be convicted as a fourth offender under section 1942, the defendant's rights must be completely and finally determined by the judgment and sentence of the court on three prior convictions. In that case it was made evident that section 470-b of the Code of Criminal

Procedure, by its terms, would not apply to *fourth* offenders, but only to *second* offenders. The case before us is that of a second offender. That section provides that in the case of a defendant guilty of a second offense (as distinguished from a fourth offense), a former plea or verdict of guilty shall be regarded as a " conviction," even though the sentence or the execution thereof was suspended. And while section 470-b of the Code of Criminal Procedure, under the *Marcley* case, may not be read in connection with section 1942 of the Penal Law for the purpose of the increased punishment prescribed, the rule stated in section 470-b may be and has been followed in the construction of section 1941 of the Penal Law, providing for a greater punishment for one convicted of a felony after having been once convicted of a prior felony. (*People* v. *Tissier*, 254 N. Y. 572; *People ex rel. Colton* v. *Lawes*, 234 App. Div. 771, 791.)

The *Tissier Case* (*supra*) came before the Court of Appeals, and was decided on a stipulation of facts. No opinion having been published by the court, the stipulation is here given:

" 1. That the defendant on the 13th day of March, 1929, pleaded guilty to the crime of grand larceny in the second degree before the Hon. Cornelius F. Collins.

" 2. That thereafter, on the 20th day of March, 1929, the judgment or sentence was suspended by the Hon. Cornelius F. Collins.

" 3. That thereafter, on April 11th, the defendant pleaded guilty before the Hon. George L. Donnellan, a Judge of the Court of General Sessions, to the crime of robbery in the third degree.

" 4. That thereafter, on April 24th, 1929, the defendant was sentenced to State prison for a term of 10 years as a second offender.

" It is further consented and agreed that the guilt or innocence of the defendant is not to be reviewed upon this appeal; but the sole question to be determined is whether the judgment or sentence of the Hon. George L. Donnellan on the 24th day of April, 1929, in the Court of General Sessions, County of New York, imposing a definite sentence of 10 years in State prison pursuant to section 1941 of the Penal Law rather than an indeterminate sentence as provided in section 2189 of the Penal Law is legal and proper."

The Court of Appeals affirmed the judgment of the Appellate Division which affirmed the judgment of the trial court (228 App. Div. 768), and held that the " defendant was properly sentenced as a second offender." This decision of the Court of Appeals is a complete answer to the third objection interposed by the relator.

The order of the Special Term dismissing the writ and remanding the relator must be affirmed.

All concur.

Order affirmed.