In the Matter of the Application of CLARENCE C. MASON, Petitioner, for a Peremptory Order of Mandamus against JOSEPH E. CORRIGAN, Judge of the Court of General Sessions of the County of New York, Respondent.

Supreme Court, Special Term, New York County, December 18, 1934.

*Clarence C. Mason, in propria persona.*

*William C. Dodge, District Attorney,* for the respondent.

COTILLO, J.   The petitioner herein is confined in the State prison as a fourth offender and under a life sentence pursuant to section 1942 of the Penal Law.   The present application has been made to obtain a peremptory order of mandamus to compel the judge of the Court of General Sessions, who imposed the life sentence, to resentence the petitioner.

The disposition of the motion has been delayed awaiting the submission of a further memorandum of law on behalf of the petitioner, which up to the present time has not been submitted.   I have, however, during the interim given careful consideration to the contention raised by the petitioner who has during the larger portion of these proceedings not been represented by counsel.   On November 7, 1930, he was convicted of the crime of forgery in the third degree in the Court of General Sessions and sentenced to the penitentiary.   On January 19, 1931, the district attorney for this county filed an information against him as a fourth offender under section 1943 of the Penal Law, on which information he was tried and found guilty with the resultant life sentence which he is now serving.   The three prior convictions, according to the district attorney, were in the States of Ohio, Wisconsin and Texas, respectively, and the proof offered upon the trial in the Court of

General Sessions consisted of exemplified copies of the indictments in those jurisdictions, and in addition thereto certificates of the alleged custodians of fingerprint records in the foreign States that the person described in the indictments is the same person whose fingerprint records are attached to the said certificates. The fingerprint records made in the foreign States were admitted in evidence on the trial of the information that this petitioner was a fourth offender, and testimony was offered by the prosecution and received from persons who took the fingerprints of the petitioner in this State that the fingerprints certified to by officials of the foreign States were the fingerprints of the person convicted in the Court of General Sessions of the crime of forgery in the third degree.

The petitioner did not appeal from the conviction of forgery in the third degree, claiming that as to the conviction for that crime he had no desire to appeal; nor did he appeal from his conviction as a fourth offender, and he seems now to take the position that no appeal can be taken from such conviction. Following his conviction as a fourth offender, he applied for several writs of habeas corpus in the Supreme Court, Clinton county, and although the writ was denied in each case, Mr. Justice HEFFERNAN before whom one of the proceedings was brought stated in an unreported opinion on October 17, 1932, as follows: " On this application the relator contends that his conviction as a fourth offender was procured by improper evidence. I fully agree with relator in this respect. Upon his trial in the Court of General Sessions the trial judge received as evidence certified copies of fingerprint records of relator made outside of the State of New York. In addition to that the trial judge read to the jury the provisions of section 482-b of the Code of Criminal Procedure in justification of his ruling. In receiving this evidence the trial judge clearly erred. (*People* v. *Reese*, 258 N. Y. 89; *People* v. *Watterson*, Id. 557.) " In his opinion dismissing the writ, the learned justice commented upon the fact that no appeal had been taken and that the time to appeal had expired, saying: " The summary remedy of a writ of habeas corpus cannot perform the functions of an appeal from judgment. All I can do is simply inquire into the question of jurisdiction. The court at General Sessions had jurisdiction and while it committed serious errors in the trial of relator they cannot be reviewed here. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46.) Relator should have appealed. Unfortunately his time to do so has now expired. The court, however, cannot aid him in this application. The only tribunal which can correct the injustice which has been done to the relator is the

Governor of the State of New York.  I suggest that he make his application for executive clemency."

With the conclusion of the learned justice I heartily agree.  This court is powerless to grant the relief demanded in the present motion.  The case presents facts which justify the entire matter being sent to the secretary to the Governor in order that a complete investigation of the record be made, to the end that this case be made the subject of a plea for executive clemency.