UNITED STATES ex rel. MASON v. HUNT, Warden.

No. 1874–A.

District Court, W. D. New York.
Aug. 6, 1936.

286

only theory on which the writ is permissible is on the relator's assertion that he is in custody in violation of the Constitution of the United States. An examination of the facts is necessary to determine whether this court has jurisdiction.

The relator was indicted in New York county, N. Y., for the crime of forgery in the third degree. He was tried upon such indictment in the Court of General Sessions of New York County and convicted and sentenced on December 12, 1930, to imprisonment in the penitentiary of the county of New York. On January 19, 1931, the district attorney of New York county, pursuant to the provisions of section 1943 of the Penal Law of the state of New York (Consol.Laws N.Y. c. 40), having filed an information accusing the relator of having previously been convicted three times of crimes which under the laws of the state of New York constituted felonies, the relator denied that he was the person mentioned in such information, and was thereupon given a trial before a jury and the jury found against him. In accordance with the provisions of the aforesaid section of the Penal Law, the sentence of December 12, 1930, was vacated and the relator sentenced to state's prison for the term of his natural life on the ground that he was a fourth offender. He is now held by the warden of Attica State Prison on the certificate of such conviction.

Relator neither appealed from the original judgment of conviction nor from the judgment convicting him as a fourth offender and sentencing him to prison for life. Unquestionably an appeal would lie under the provisions of sections 515 et seq. of the Code of Criminal Procedure of the state of New York. Appeals have been taken in similar cases through the courts to the Court of Appeals of the state, and

Clarence C. Mason, in pro. per.

John J. Bennett, Jr., Atty. Gen., and Charles Kennedy, Asst. Atty. Gen., opposed.

RIPPEY, District Judge.

The relator has secured a writ of habeas corpus in this court under section 752 of the Revised Statutes (28 U.S.C.A. § 452), which authorizes the various federal courts to grant writs of habeas corpus for the purpose of an inquiry into the cause of a restraint of liberty. Under the jurisdictional limitation of section 753 of the Revised Statutes (28 U.S.C.A. § 453), the it was there held that the act authorizing additional punishment to subsequent offenders (N.Y.Penal Law, §§ 1941, 1942 and 1943) was constitutional. People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9; People ex rel. Fernandez v. Kaiser, 230 App.Div. 646, 246 N.Y.S. 309, affirmed 256 N.Y. 581, 177 N.E. 149. The time to appeal has expired. That being the fact, under certain circumstances the judgment might be brought on for review through a motion to amend or by other means.

The indictment upon which he was convicted of the crime of forgery in the third degree was based upon a telegram which

the relator sent to the People's Bank of Harrisville, W. Va., directing the bank to send $1,000, purporting to be signed by Thomas J. Davis. It appeared upon the trial that there was no such bank in existence, and the relator asserts no crime was committed.

In the information it was alleged that the relator had been previously convicted (1) on December 7, 1901, in the court of common pleas, Ross county, in the state of Ohio, before Judge Douglas and sentenced to the Ohio penitentiary for a term of fifteen months; (2) on November 15, 1916, in the court of common pleas, Washington county, state of Ohio, before Judge Follett for the crime of forgery and sentenced to the Ohio state penitentiary for a term of from one to twenty years; (3) on December 18, 1918, in the municipal court, Milwaukee county, state of Wisconsin, before Judge Backus of the crime of forgery and sentenced to state prison for the term of one year; and (4) as H. B. Wilson on December 31, 1921, in the criminal district court, Tarrant county, state of Texas, of the crime of forgery and passing forged instruments and sentenced to state prison for a term of two years. The last three convictions were the ones relied upon. As to the fourth conviction, the record here shows that no one by the name of H. B. Wilson was tried and convicted in Tarrant county, Tex., on December 31, 1921; that the relator, under the alias H. B. Wilson, was convicted under indictment No. 25676 in Tarrant county, Tex., on December 19, 1921, of the offense of forgery and passing a forged instrument, and was sentenced to a term of two years in a state penitentiary for the offense; that an appeal was taken from such judgment of conviction and went to the Court of Criminal Appeals (Wilson v. State, 92 Tex.Cr.R. 281, 243 S.W. 466), and on July 26, 1922, the conviction was reversed, and on October 31, 1923, the indictment was dismissed. The relator says that that was his only conviction in Texas, although it appears that a H. B. Wilson was convicted for a similar offense on December 20, 1921, and sentenced to a term of two years, which judgment of conviction was affirmed upon appeal.

The judgment of conviction as fourth offender was based upon evidence purporting to establish his identity with parties convicted in Ohio, Wis., and Texas. The sole evidence was certified copies of fingerprint records of the relator made outside of the state of New York. This evidence was insufficient. People v. Reese, 258 N.Y. 89, 179 N.E. 305, 79 A.L.R. 1329; People v. Watterson, 258 N.Y. 557, 180 N.E. 330. The judge instructed the jury that, if they were "satisfied by a preponderance of the evidence" as to the identity of the relator, they then might convict him. This was error. People v. Reese, supra; People v. Brennan, 229 App. Div. 378, 242 N.Y.S. 692. The jury should have been instructed that the people were obliged to establish the identity of the defendant beyond a reasonable doubt. The trial court instructed the jury that the proceeding was not a trial and in substance that it was of a civil nature rather than criminal in defining the measure of proof required. This was also error requiring reversal.

The relator sued out a writ of habeas corpus before the Supreme Court in Clinton county.* The justice hearing the matter, although certifying to the foregoing errors in the trial, quashed the writ on the ground that they could not be reviewed by way of habeas corpus but only by appeal, inasmuch as the Court of General Sessions had jurisdiction to pronounce the judgment of conviction. The relator sued out another writ of habeas corpus before Judge Brewster in Clinton county, N. Y., and that writ was quashed on October 9, 1933, without opinion, but presumably on the ground of lack of jurisdiction; an appeal was taken from the order of Justice Brewster to the Appellate Division of the Supreme Court for the Third Department, and the order was affirmed (People of State of New York ex rel. Mason v. Murphy, 241 App.Div. 787, 270 N.Y.S. 1017), and on application for leave to go to the Court of Appeals the motion was denied by the Appellate Division (Id., 241 App.Div. 897, 271 N.Y.S. 1029) and also by the Court of Appeals.

■ It is clear that the only method of review of the judgment of conviction in the New York state courts was by way of appeal, in view of the fact that the Court of General Sessions of the city of New York had jurisdiction to pronounce the judgment of conviction. People ex rel. Hubert v. Kaiser, 206 N.Y. 46, 99 N.E. 195; People ex rel. Tweed v. Liscomb, 60 N.Y. 559, 19 Am.Rep. 211. Justice Heffernan of the Supreme Court in Clinton

*No opinion published.

County* had this to say: "Relator should have appealed. Unfortunately his time to do so has now expired. The court, however, cannot aid him in this application. The only tribunal which can correct the injustice which has been done to relator is the Governor of the State of New York."

A writ of habeas corpus was also sued out before Mr. Justice Cotillo of the Supreme Court, New York County (289 N.Y. S. 1003), and he passed upon the question in the same manner as Justice Heffernan and Justice Brewster, and he added in his opinion: "The case presents facts which justify the entire matter being sent to the secretary to the Governor in order that a complete investigation of the record be made, to the end that this case be made the subject of a plea for executive clemency."

Another writ was taken out by the relator in Clinton county before Justice Collins in the Supreme Court after the appeal from Brewster's decision, and had the same result as the previous efforts of the relator before the courts of Clinton county. The relator was at that time incarcerated in Dannemora Prison in Clinton county, N. Y.

The foregoing is the situation in which this relator finds himself, with at least three Supreme Court Justices calling attention to the injustice that has been done, but the relator is left without a remedy by way of habeas corpus within the state of New York, and the time to appeal has of course expired.

 It is an ordinary rule of law that needs no citation of authority that a prisoner must exhaust his remedies within the state in ordinary cases before coming into the courts of the United States for redress. This, relator did. People of New York ex rel. Mason v. Murphy, 241 App.Div. 787, 270 N.Y.S. 1017, Order of Court of Appeals dated June 8, 1934, not reported. Relator was not required to sue out a writ of error to the Supreme Court of the United States to review the decision of the State Court of Appeals in denying his right to be heard, even though an appropriate federal question was there involved; being imprisoned, he may sue out the writ on constitutional grounds, but, if he does so, the writ may not be used as a substitute for a writ of error. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036.

It seems to me that his proceeding in the state court did not present any appropriate federal question for review by way of writ of error. He is properly before this court on the question of whether his incarceration is in violation of his rights guaranteed by the provisions of the Fourteenth Amendment to the Federal Constitution.

 It is asserted by relator that no provision of the New York state laws allows the right of appeal from the determination that he was a fourth offender. In this we think he is in error, as above indicated. The judgment revoking his original sentence for the crime of forgery in the third degree and fixing his new sentence as a fourth offender was a final judgment of conviction and appealable under sections 515 et seq. of the Code of Criminal Procedure. The question is not important, however, because the right to appeal is not essential to due process. De Pauw University v. Brunk (D.C.) 53 F.(2d) 647, 652.

 The requirement of "due process" is met where, in proceedings affecting all persons alike, a person is presented by indictment in a court of competent jurisdiction for the commission of an offense under a law not, in itself, repugnant to the Federal Constitution, and tried in such court according to the rules and regulations and law applicable to proceedings in that jurisdiction in the course of an orderly administration thereof after opportunity is presented for hearing and defense. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Filer v. Steele (D.C.) 228 F. 242; Teregno v. Shattuck (D.C.) 265 F. 797. There is no question that the Court of General Sessions of New York had jurisdiction of the offense and of the person of the relator or that he had due hearing, after indictment, by way of trial according to law. On the trial of the charge of forgery in the third degree, he was represented by counsel who was diligent to take all means for the protection of his rights. It also appears that he was represented by counsel at the trial when his sentence was changed, but that is not material on the record here.

 It is settled that habeas corpus calls into question only the jurisdiction of the court whose judgment is challenged. People ex rel. Hubert v. Kaiser, 206 N.

---

*No opinion published.

Y. 46, 99 N.E. 195; Knewel v. Egan, 268 U.S. 442, 445, 45 S.Ct. 522, 69 L.Ed. 1036; Harlan v. McGourin, 218 U.S. 442, 31 S. Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. Although the court had jurisdiction of the subject matter of the crime and the relator was personally present before the court, he insists that the court had no jurisdiction to pronounce sentence on him as a fourth offender because there was no evidence presented upon which to base the judgment of conviction. That being so, he argues that the judgment was a nullity—not merely erroneous and possible of being reversed on appeal. Under those circumstances, he says the writ must be sustained. The court did not so hold in People ex rel. Peltz v. Brewster, 232 App. Div. 1, 248 N.Y.S. 599, affirmed People ex rel. Peltz v. Warden of Second Dist. Prison, 256 N.Y. 558, 177 N.E. 139. The facts were different from those in the case at bar. In that case a judgment of conviction was declared a nullity for want of evidence to support it because a statute forbade a plea of guilty and required the presentation of competent evidence, and a writ of habeas corpus was sustained. But, where there is a judgment of conviction after a plea of not guilty and a trial, although no competent evidence is adduced, it is merely voidable and reversible on appeal, as has been held by the same court. People ex rel. Bailey v. McCann, 222 App. Div. 465, 226 N.Y.S. 449. In the Peltz Case, the court was without jurisdiction to commit because the preliminary statutory requirements were not complied with; in the case at bar, jurisdiction to sentence depended only on the presence of the offender and the commission of the offense within the territorial and statutory limits of the court's jurisdiction.

A writ of habeas corpus cannot be sustained here on the ground that there was no evidence on which to base the judgment of conviction or for errors in the trial [Capone v. Aderhold (C.C.A.) 65 F.(2d) 130], or that the facts proved under the indictment for forgery in the third degree did not constitute a crime [Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787; Ex parte Watkins, 3 Pet. (28 U.S.) 193, 7 L.Ed. 650]. Such matters can be reviewed only by way of appeal from the judgment of conviction. Inasmuch as the court had jurisdiction of the crime and of the offender and the sentence was in accord with the law, the judgment of convic-

tion is conclusive here (Ex parte Watkins, supra), even though jurisdiction was erroneously exercised by the court (People ex rel. Bailey v. McCann, supra).

We appreciate the desperate situation in which the relator finds himself. Convicted of the crime of forgery in the third degree on facts which two committing magistrates held insufficient to establish any crime at all, convicted as being a fourth offender without evidence and on an erroneous charge to the jury convicting him, and unable to gain freedom except through the absolute discretion of the board of parole of state's prisons after serving a minimum term of ten years, he is justified in insisting that his case be given consideration by all courts available to him.

The relator is without funds and without counsel, and has requested an order allowing him to carry his case to the Circuit Court of Appeals for review as a poor person. Such relief, in so far as it is within this court's power, will be granted. If an appeal is taken from the order to be granted herein, the entire record should go to the upper court, including the minutes of the oral hearing and the various documents therein referred to.

The writ must be dismissed and the relator remanded to the custody of the warden of Attica state prison.